UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA KLEWINOWSKI,
an individual and on behalf of those
similarly situated,

      Plaintiff,                          CASE NO.

vs.                                   Jury Trial Demanded

MFP, INC. d/b/a
FINANCIAL CREDIT SERVICES,

      Defendant.

_____/

## CLASS COMPLAINT

Plaintiff, Linda Klewinowski ("Plaintiff"), by and through her undersigned counsel and on her behalf and on behalf of those similarly situated, hereby files the following Class Complaint against Defendant, MFP, Inc. d/b/a Financial Credit Services ("Defendant") and alleges.

1.      This is a class action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2.      The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## PARTIES

3.      Plaintiff is an individual residing in Pinellas County, Florida.

4.      Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

5.      Defendant is a Florida Corporation with its principal place of business located in Clearwater, Florida.

6.      At all relevant times, Defendant has been and is engaged in the business of collecting and attempting to collect consumer debts in the State of Florida and within the Middle District of Florida.

7.      Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) as its principal purpose is the collection of debt or it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and uses the mails to accomplish this purpose and collect debts.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in the Middle District of Florida and Defendant resides in the Middle District of Florida.

## GENERAL ALLEGATIONS

10.     On February 22, 2013, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, a letter attempting to collect a debt or financial obligation incurred by Plaintiff for primarily personal, family or household purposes (hereinafter the "Debt Collection Letter") and Plaintiff received it shortly thereafter.  A copy of the Debt Collection Letter is attached hereto as **Exhibit A**.

11.     The Debt Collection Letter is a "communication" pursuant to the FDCPA, 15 U.S.C. § 1692a(2).

12.    The Debt Collection Letter states, "[y]our past due account with **YOUR CREDITORS**, in the amount of $2245.52, was referred to Financial Credit Services some time ago to arrange for payment." (Emphasis added).

13.    Nowhere in the Debt Collection Letter did Defendant identify specific "YOUR CREDITORS" Plaintiff owed money to, how many creditors Defendant was collecting for, how much money Plaintiff allegedly owed to each creditor, or the subject matter of the alleged debt(s) that Defendant was collecting.

14.    The Debt Collection Letter was patently confusing and misleading on its face, especially to an unsophisticated consumer, as Plaintiff was unable to determine either the identity of the "YOUR CREDITORS" or the amount owed to the specific creditors.

15.    Further, as a result of Defendant's use of "YOUR CREDITORS" instead of identifying the specific creditors on whose behalf Defendant was attempting to collect a debt, if Plaintiff or any unsophisticated consumer actually paid the amount requested in the Debt Collection Letter, she or they would not have any idea what debt was paid and what, if any, debts remained outstanding – all they would know is that they paid off their "YOUR CREDITORS."

16.    Additionally, Plaintiff or an unsophisticated consumer who complied with the Debt Collection Letter's request would have no record of payment to any specific "CREDITORS," which would force such person to rely on Defendant for later verification that the debts were satisfied.

17.    It was patently misleading, unfair, abusive and misrepresents the character of the debt for Defendant to purposefully omit the specific names of the "CREDITORS" and fail to inform Plaintiff of how many "CREDITORS" Defendant was referencing in the Debt Collection Letter and the specific amount owed to each "CREDITORS."

18.     It is Defendant's policy and practice to send confusing and misleading debt collection letters to consumers that reference "YOUR CREDITORS" without identifying the names of the "CREDITORS."

19.     All conditions precedent to the institution and maintenance of this action have been performed, have occurred or have otherwise been waived.

## CLASS ALLEGATIONS

20.     The FDCPA Class is defined as:

    a.  All natural persons with Florida addresses who received collection letters and/or notices from the Defendant that reference "YOUR CREDITORS" without identifying the specific person or entity on whose behalf Defendant was attempting to collect a debt or the original creditor;

    b.  During the one year period prior to the filing of this action through class certification;

    c.  In an attempt by Defendant to collect a debt incurred for personal, household or family purposes; and

    d.  Such letter was not returned by the United States Postal Service.

21.     Excluded from the FDCPA Class are all managers, directors and employees of Defendant and members of their immediate families; all agents of Defendant; and legal counsel for both sides and members of their immediate families.

22.     The identities of the members of the FDCPA Class are readily ascertainable from Defendant's records.

23.     The number of members of the FDCPA Class is believed to be at least in the hundreds and likely in the thousands and, regardless, is so numerous that separate joinder of each member is impractical.

24.     The FDCPA Class action poses questions of law and fact that are common to and affect the rights of all members of the FDCPA Class.

25.     Such questions of law and fact common to the FDCPA Class include, but are not limited to, the following:

    a.   Whether Defendant's reference of "YOUR CREDITORS" without identifying the specific creditor(s) violates Sections 1692e(2)(A) and 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect any debt; and

    b.   If Defendant violated the FDCPA, what is the proper measure and appropriate statutory formula to be applied in determining damages.

26.     Based on the facts and circumstances set forth herein, Plaintiff's claims are typical of the claims of the members of the FDCPA Class.  Plaintiff's claims and the claims of all FDCPA Class members arise out of Defendant's common course of conduct and Plaintiff's claims and the claims of all FDCPA Class members are based upon the same legal theories.

27.     Plaintiff will fairly and adequately protect and represent the interests of each member of the FDCPA Class.  Plaintiff understands the issues in this case and is committed to vigorously pursuing this claim on behalf of the FDCPA Class.  Neither Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue this action.

28.     Plaintiff has been required to retain the undersigned attorneys.   Plaintiff's attorneys are experienced and qualified in consumer, debt collection and class action litigation and will adequately protect the interests of the FDCPA Class.

29.     Prosecuting separate actions by individual members of the FDCPA Class would create the risk of inconsistent or varying adjudications with respect to individual FDCPA Class members that would establish incompatible standards of conduct for Defendant.

30.     Further, prosecuting separate actions by individual members of the FDCPA Class would create the risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications.

31.     Questions of law or fact common to the FDCPA Class predominate over any questions affecting only individual members.

32.     Class treatment is superior to other available methods for fair and efficient adjudication of this controversy.  There will be no manageability problems with prosecuting the FDCPA Class claims as a class action.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as though stated fully herein.

34.     The foregoing acts and omissions of Defendant violates 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

35.     As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff and the FDCPA Class are entitled to statutory damages in an amount up to $1,000.00 each, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff and the FDCPA Class request that the Court enter judgment in their favor for:

i.     Certification of this matter to proceed as a class action;

ii.    Declaratory judgment that Defendant's practice of failing to identify the person or entity on whose behalf it is attempting to collect a debt violates the FDCPA;

iii.   The maximum amount of statutory damages pursuant to 15 U.S.C. § 1692k for each class member;

iv.    Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

v.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and the FDCPA Class demand a trial by jury for all issues so triable.

**Dated:    May 6, 2013**

/s/ Paul R. Fowkes
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
rhasanbasic@DFHlawfirm.com
**DISPARTI FOWKES & HASANBASIC, P.A.**
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)

-and-

/s/ Roger D. Mason
Roger D. Mason, II, Esq.
rmason@flautolawyer.com
Florida Bar No. 504793
Zachary A. Harrington, Esq.
zharrington@flautolawyer.com
Florida Bar No. 044104
**ROGER D. MASON, II, P.A.**
5135 West Cypress Street, Suite 102
Tampa, Florida 33607
Telephone: (813) 304-2131