UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA KLEWINOWSKI**,
individually and on behalf
of those similarly situated,

     Plaintiff,

vs.                        CASE  NO.  8:13-cv-01204-VMC-TBM

**MFP, INC.** d/b/a
FINANCIAL CREDIT SERVICES,

     Defendant.

---

## PLAINTIFF'S UNOPPOSED MOTION FOR CLASS CERTIFICATION

Respectfully submitted by:    /s/ *Ryan C. Hasanbasic*

Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
rhasanbasic@DFHlawfirm.com
**DISPARTI FOWKES & HASANBASIC, P.A.**
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)

                                      -and-

/s/ *Roger D. Mason, II*

Roger D. Mason, II, Esq.
rmason@flautolawyer.com
Florida Bar No. 504793
Zachary A. Harrington, Esq.
zharrington@flautolawyer.com
Florida Bar No. 044104
**ROGER D. MASON, II, P.A.**
5135 West Cypress Street, Suite 102
Tampa, Florida 33607
Telephone: (813) 304-2131

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................4

II.   FACTUAL BACKGROUND ................................................................6

   A.  Facts Applicable to All Putative Class Members .........................6

   B.  Facts Applicable to Plaintiff, Linda Klewinowski.......................7

III.   THE PROPOSED CLASS SATISFIES EACH OF THE REQUIREMENTS FOR CLASS CERTIFICATION ................................7

   A.  The Numerosity Requirement is Satisfied ..................................9

   B.  The Commonality Requirement is Satisfied ................................9

   C.  The Typicality Requirement is Satisfied ...................................10

   D.  The Adequacy of Representation Requirement is Satisfied ..................11

      i.   Plaintiff Will Fairly and Adequately Protect the Interests of the Class..................................................11

      ii.  Plaintiff's Attorneys Will Fairly and Adequately Protect the Interests of the Class.................................11

   E.  The Proposed Class Meets the Requirements of Rule 23(b)(1)............12

   F.  The Proposed Class Meets the Requirements of Rule 23(b)(3)............13

      i.   Common Questions of Law and Fact Predominate ...................13

      ii.  The Class Action Mechanism is Superior to Other Methods ...................14

IV.   CLASS ACTION SETTLEMENT AGREEMENT........................................15

V.   CONCLUSION.................................................................................16

# TABLE OF AUTHORITIES

**I.**     **United States Supreme Court Cases:**

    **1.** *Wal- Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)

    **2.** *Bridge v. Phoenix Bond & Indem. Co.,*128 S.Ct. 2131, (2008)

**II.**    **United States Circuit Court of Appeals Cases:**

    **1.** *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181 (11th Cir. 2003)

    **2.** *Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Cir. 2004)

    **3.** *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332 (11th Cir. 1984)

    **4.** *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000)

    **5.** *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987)

    **6.** *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, (11th Cir. 2008)

    **7.** *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350 (11th Cir. 2009)

**III.**   **United States District Court Cases:**

    **1.** *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697 (M.D. Fla. 2000)

    **2.** *Andrews v. CSX Transp., Inc.*, 2009 WL 22324 (M.D. Fla. Jan. 2, 2009)

    **3.** *Leszcynski v. Allianz Ins.,* 176 F.R.D. 659 (S.D.Fla.1997)

    **4.** *Agan v. Kathzamn & Korr, P.A.*, 222 F.R.D. 692 (S.D. Fla. 2004)

    **5.** *Mills v. Foremost Ins. Co.*, 269 F.R.D. 663, 678 (M.D. Fla. 2010)

    **6.** *Hicks v. Client Servs., Inc.*, 2008 WL 5479111 (S.D. Fla. Dec. 11, 2008)

    **7.** *Hicks v. Client Servs., Inc.*, 257 F.R.D. 699 (S.D. Fla. 2009)

**IV.**    **Statutes and Rules**

    **1.** Rule 23, Federal Rules of Civil Procedure

Plaintiff, Linda Klewinowski, by and through her undersigned counsel, respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1) and (b)(3) and Local Rules 3.01 and 4.04. Defendant does not oppose the certification sought herein.[1]

## I.   INTRODUCTION

Defendant is a debt collection company that is retained by various original creditors to attempt to collect alleged debts from consumers. One of the ways Defendant attempts to collect these alleged debts is to send letters to the alleged debtors demanding payment.

On February 22, 2013, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, a letter attempting to collect a debt or financial obligation incurred by Plaintiff for primarily personal, family or household purposes (hereinafter the "Debt Collection Letter") and Plaintiff received it shortly thereafter. The Debt Collection Letter is a "communication" pursuant to the FDCPA, 15 U.S.C. § 1692a(2). The Debt Collection Letter states, "[y]our past due account with YOUR CREDITORS, in the amount of $2245.52, was referred to Financial Credit Services some time ago to arrange for payment."

Plaintiff alleges that nowhere in the Debt Collection Letter did Defendant identify specific creditors Plaintiff owed money to, how many creditors Defendant was collecting for, how much money Plaintiff allegedly owed to each creditor, or the subject matter of the alleged debt(s) that Defendant was collecting.

Accordingly, Plaintiff asserts that the Debt Collection Letter is patently confusing and misleading on its face, especially to an unsophisticated consumer, as Plaintiff was unable to determine either the identity of the "YOUR CREDITORS" or the amount owed to the specific

---

[1] Defendant, however, has reserved the right to challenge class certification in the event the Settlement Agreement agreed to by the Parties is not approved by the Court.

creditors.  As a result, Plaintiff asserts that the correspondence violated the Fair Debt Collection Practices Act.  Defendant denies that the Debt Collection Letter violates the Fair Debt Collection Practices Act in this context.

Further, Plaintiff alleges that as a result of Defendant's use of "YOUR CREDITORS" instead of identifying the specific creditors on whose behalf Defendant was attempting to collect a debt, if Plaintiff or any unsophisticated consumer actually paid the amount requested in the Debt Collection Letter, she or they would not have any idea what debt was paid and what, if any, debts remained outstanding – all they would know is that they paid off their "CREDITORS."

Additionally, Plaintiff asserts that Plaintiff or an unsophisticated consumer who complied with the Debt Collection Letter's request would have no record of payment to any specific "CREDITORS," which would force such person to rely on Defendant for later verification that the debts were satisfied. Plaintiff further alleges that the Debt Collection Letter is patently misleading, unfair, and abusive and misrepresents the character of the debt for Defendant to purposefully omit the specific names of the "CREDITORS" and fail to inform Plaintiff of how many "CREDITORS" Defendant was referencing in the Debt Collection Letter and the specific amount owed to each of the "CREDITORS."  Defendant denies that the Debt Collection Letter violates the Fair Debt Collection Practices Act in this context.

Because Defendant sent identical or substantially similar letters to numerous other alleged debtors, and because the Plaintiff asserts that these letters violate the FDCPA, Plaintiff seeks to certify a class comprised of (1) all natural persons with Florida addresses who received collection letters and/or notices from the Defendant that reference "YOUR CREDITORS" without identifying the specific person or entity on whose behalf Defendant was attempting to collect a debt or the original creditor; (2) during the one year period prior to the filing of this

action through class certification; (3) in an attempt by Defendant to collect a debt incurred for personal, household or family purposes; and (4) such letter was not returned by the United States Postal Service (collectively, the "FDCPA Class").

Overall, it's a rather simple class action matter: there has been an identical or substantially similar letter sent to each of the putative FDCPA Class Members and Plaintiff contends that the letters violate the FDCPA. If it is determined that the letter does, in fact, violate the FDCPA, Plaintiff and the rest of the putative FDCPA Class Members will all prevail. If it is determined that the letter does not, in fact, violate the FDCPA, Plaintiff and the rest of the putative FDCPA Class Members will all not prevail.

The FDCPA specifically contemplates class action lawsuits. "[I]n the case of a class action, such amount for each named plaintiff as could be recovered [in an individual action] AND such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector. 15 U.S.C. § 1692k(a)(2)(B). FDCPA class actions have been brought and subsequently certified in the Middle District of Florida. *See* Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697 (M.D. Fla. 2000).

As discussed below, such the Court should grant certification for this matter to proceed as a class action.

## II.    FACTUAL BACKGROUND

### *A. Facts Applicable to All Putative Class Members*

Each of the putative class members allegedly became indebted to various creditors at one time or another. Defendant was then retained by such creditors to attempt to collect the debts. The debts at issue are "debts" within the meaning of the FDCPA in that they arose from an

obligation or alleged obligation of the putative class member to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes, whether or not such obligation was reduced to judgment. See 15 U.S.C. § 1692a(5). In an effort to collect from the putative class members, the Defendant at some point during the period one year prior to the filing of this action, was retained by more than one creditor that claimed a debt was owed by the putative class members. In other words, at some point during the class period, Defendant was attempting to collective multiple debts originated by separate creditors from each putative Class Member. In an attempt to collect these different debts, Defendant sent each of the putative Class Members at least one collection letter that did not identify the debts it sought to collect or the creditors on whose behalf it was collecting, but rather only identified the debts as past due accounts with "YOUR CREDITORS."

### B. Facts Applicable to Plaintiff Klewinowski

At some point in time prior to February 22, 2013, Defendant was retained to collect at least two different alleged debts from Plaintiff that originated from different original creditors. On February 22, 2013, Defendant sent the attached debt collection letter to Plaintiff in which it attempted to collect the sum of different alleged debts in the amount of $2,245.52, on behalf of "YOUR [PLAINTIFF'S] CREDITORS", but did not identify the amount of the individual debts or the individual creditors it was attempting to collect for. A true and correct copy of the February 22, 2103 letter is attached hereto as *Exhibit A*. Plaintiff's circumstances and resulting claims are typical of those of the putative class and places Plaintiff squarely within the class definition.

## III.   THE PROPOSED CLASS SATISFIES EACH OF THE REQUIREMENTS FOR CERTIFICATION

"Rule 23 establishes the legal roadmap courts must follow when determining whether class certification is appropriate." Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1187 (11th Cir. 2003). The party seeking to maintain the class action bears the burden of demonstrating that all the requirements of Rule 23 have been met. Id. Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) have been satisfied. Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004).

Rule 23(a) requires that:

(i)     the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity);

(ii)    (ii) that there are common questions of law and fact amongst class members (commonality);

(iii)   (iii) that the proposed representative's claims are typical of those of the class (typicality); and

(iv)    (iv) that both the named representative and his counsel have and will continue to adequately represent the interests of the class (adequacy of representation).

Babineau v. Fed. Exp. Corp., 576 F.3d 1183, 1189-90 (11th Cir. 2009).

In this case, Plaintiff seeks certification of the proposed class under both Rules 23(b)(1) and 23(b)(3).

In order to certify a class under Rule 23(b)(1), a plaintiff must show that prosecuting separate actions by individual members of the FDCPA Class would either (1) create the risk of inconsistent or varying adjudications with respect to individual FDCPA Class members that

would establish incompatible standards of conduct for Defendant or (2) create the risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications. *See* Fed. R. Civ. P. 23(b)(1).

In order to certify a class under Rule 23(b)(3), (i) questions of law or fact common to the proposed class members must predominate over any questions affecting only individual members, and (ii) the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3).

As discussed in detail below, Plaintiff satisfies each of the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).

### A. The Numerosity Requirement is Satisfied

The first requirement of Rule 23(a) is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). In this matter, the issue is undisputed and straightforward: Defendant admits that identical or substantially similar letters were sent to 16,262 consumers.

Accordingly, the numerosity requirement is satisfied.

### B. The Commonality Requirement is Satisfied

Next, Rule 23(a) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires that the claims of the class "depend upon a common contention…of such a nature that it is capable of classwide resolution - - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

Further, "[t]he threshold for commonality is not high .... [and f]actual differences between class members do not necessarily preclude a finding of commonality." Andrews v. CSX Transp., Inc., 306-CV-704-J-32HTS, 2009 WL 22324 (M.D. Fla. Jan. 2, 2009) *quoting* Leszcynski v. Allianz Ins., 176 F.R.D. 659, 671 (S.D.Fla.1997).

In this case, the commonality element is quite simple: the FDCPA Class Members each received identical or substantially similar letters from Defendant. Plaintiff contends that the letter she received, and thus the similar letters received by the rest of the FDCPA Class Members, violates the FDCPA. Accordingly, the FDCPA Class depends on a common contention and the truth or falsity of Plaintiff's contention that the letter violates the FDCPA will resolve the issue for Plaintiff and each of the FDCPA Class.

As a result, the commonality element is satisfied.

### C. Plaintiff's Claims are Typical of the Class.

Typicality, the next requirement under Rule 23, requires that Plaintiff's claims be typical of those of the other FDCPA Class Members. Fed. R. Civ. P. 23(a)(3). "In other words, there must be a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class. A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory. Typicality, however, does not require identical claims or defenses. A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984).

The purpose of the typicality requirement is to ensure that "the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees'

interests will be fairly represented." <u>Prado-Steiman ex rel. Prado v. Bush</u>, 221 F.3d 1266, 1279 (11th Cir. 2000).

In this case, Plaintiff and the proposed FDCPA Class were each subject to Defendant's common course of conduct. That is, they were all subjected to the same collection letter from Defendant and, accordingly, Defendant's alleged unlawful collection activity. The claims or defenses of Plaintiff and the FDCPA Class arise from the same event or pattern or practice and are based on the same legal theory.

Accordingly, the typicality element is satisfied.

*D. The Adequacy of Representation Requirement is Satisfied.*

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet this requirement the proposed class representative must not have any interests antagonistic to those of the other members of the class and he or she must be represented by competent counsel. <u>Kirkpatrick v. J.C. Bradford & Co.</u>, 827 F.2d 718, 726-28 (11th Cir. 1987).

Ms. Klewinowski understands her responsibilities as the class representative. *See* Declaration of Linda Klewinowski in Support of Plaintiff's Motion for Class Certification, attached hereto as ***Exhibit B***. Plaintiff is represented by counsel experienced with the handling of consumer class actions and FDCPA claims. *See* Declarations of Ryan Hasanbasic, Paul Fowkes, Roger Mason and Zachary Harrington attached hereto as ***Composite Exhibit C***.

In this case, Plaintiff and the class members seek statutory damages as the result of Defendants' alleged unlawful collection practices. Given the identical nature of the claims between Ms. Klewinowski and the class members, there is no potential for conflicting interests in

this action. There is no antagonism between the interests of Ms. Klewinowski and those of the FDCPA Class.

The Rule 23(a)(4) representativeness requirement has been satisfied. Accordingly, Ms. Klewinowski should be appointed as the class representative. Further, pursuant to Rule 23(g), the Court is requested to appoint Ryan Hasanbasic and Paul Fowkes of the law firm Disparti, Fowkes and Hasanbasic, P.A. and Roger Mason and Zachary Harrington of the law firm Roger D. Mason, II, P.A. as class counsel.

### E. The Proposed Class Meets the Requirements of Rule 23(b).

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be satisfied. Here, Plaintiff seeks certification of the proposed Classes under Rules 23(b)(1) and (b)(3).

### i. The Proposed Class Meets the Requirements of Rule 23(b)(1).

In order to certify a class under Rule 23(b)(1), a plaintiff must show that prosecuting separate actions by individual members of the FDCPA Class would either (1) create the risk of inconsistent or varying adjudications with respect to individual FDCPA Class members that would establish incompatible standards of conduct for Defendant or (2) create the risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications. *See* Fed. R. Civ. P. 23(b)(1).

In this case, there has been an identical letter sent to each of the putative FDCPA Class Members and Plaintiff contends that the letters violate the FDCPA. If it is determined that the letter does, in fact, violate the FDCPA, Plaintiff and the rest of the putative FDCPA Class

Members will all prevail. If it is determined that the letter does not, in fact, violate the FDCPA, Plaintiff and the rest of the putative FDCPA Class Members will all not prevail.

Conversely, if this matter is not allowed to proceed as a class, there will be no opportunity to conclusively determine the issue of whether the "Your Creditors" letter at issue is a violation of the FDCPA and the Defendant could face a situation where the "Your Creditors" letter is deemed a violation of the FDCPA in some cases, but in some cases the identical "Your Creditors" letter is not deemed a violation of the FDCPA.

As a result, prosecuting separate actions by Plaintiff and individual members of the FDCPA Class would create the risk of inconsistent or varying adjudications with respect to individual FDCPA Class members that would establish incompatible standards of conduct for Defendant.

Class treatment allows the issue of whether the "Your Creditors" letter violates the FDCPA to be fully and conclusively determined and will allow the Defendant to concretely determine the course of future conduct.

Accordingly, the proposed FDCPA Class meets the requirements of Rule 23(b)(1).

ii. The Proposed Class Also Meets the Requirements of Rule 23(b)(3).

Plaintiff also seeks certification of the classes under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). As discussed below, this case easily meets both of these requirements.

*(a). Common Questions of Law and Fact Predominate.*

-13-

The "inquiry into whether common questions predominate over individual questions is generally focused on whether there are common liability issues which may be resolved efficiently on a class-wide basis." Agan v. Kathzamn & Korr, P.A., 222 F.R.D. 692, 700 (S.D. Fla. 2004); Thus, "[c]ommon issues of fact and law" predominate if they "ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." Klay v. Humana, 382 F.3d 1241, 1254 (11th Cir.2004), *abrogated in part on other grounds by* Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008).

Even though it is not necessary that all questions of law or fact be common, in this case it is true that all questions of law or fact are common. The common fact is that Plaintiff and all members of the FDCPA Class were the subject of collection activity from Defendant and received the "Your Creditors" letter. The common question of law is whether the "Your Creditors" letter violates the FDCPA.

Because of the standardized nature of Defendants' conduct, common questions predominate. The only individual issue is the identification of persons against whom Defendant engaged in collection activity, which, since Defendant has been able to provide an exact number of potential FDCPA Class members, is easily resolved and determined.

Accordingly, it is clear that both the factual issues and the issues of law are common to the class and predominate.

> *(b). The Class Action Mechanism is Superior to Other Available Methods for the Litigation of this Matter.*

The superiority issue is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1326 (11th Cir. 2008). "The more common issues predominate over individualized issues,

the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims." Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1358 (11th Cir. 2009)(internal quotation marks omitted). "[I]f a district court finds that issues common to all class members predominate over individual issues, then a class action will likely be more manageable than and superior to individual actions." Mills v. Foremost Ins. Co., 269 F.R.D. 663, 678 (M.D. Fla. 2010)(internal citations and quotation marks omitted).

As discussed above, issues common to all class members predominate over individual issues in this case and, as a result, prosecuting this action as a class is more manageable than and superior to individual actions.

Further, "[t]he large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that a class action would be the superior method of adjudicating [an] FDCPA claim." Hicks v. Client Servs., Inc., 07-61822-CIV, 2008 WL 5479111, *10 (S.D. Fla. Dec. 11, 2008); see also Hicks v. Client Servs., Inc., 257 F.R.D. 699, 700 (S.D. Fla. 2009).

In this case, there is no better method available for the adjudication of the claims which might be brought by each individual subjected to Defendant's collection practices and the "Your Creditors" letter. Class certification of this FDCPA action will provide an efficient and appropriate resolution of the controversy. Accordingly, the proposed FDCPA Class meets the requirements of Rule 23(b)(3).

## IV.    CLASS ACTION SETTLEMENT AGREEMENT

Finally, the Parties have executed a Class Action Settlement Agreement to resolve the above-mentioned claims and seek class certification in order to facilitate the terms and

conditions of the settlement agreement which benefits the purported class as a whole. The Parties will be filing a Joint Motion for Preliminary Approval of the Class Action Settlement Agreement which incorporated in its terms is the court's approval of class certification requested in this unopposed motion. A copy of the fully executed Class Action Settlement Agreement is attached hereto as *Exhibit D.*[2]

## V.    CONCLUSION

The proposed class meets the requirements of Rules 23(a) as well as Rule 23(b)(1) and 23(b)(3). The Plaintiff respectfully requests that the Court certify this action as a class action, appoint Linda Klewinowski as class representative, and appoint Roger D. Mason, II and Zachary Harrington of the law firm Roger D. Mason, II, P.A. and Ryan Hasanbasic and Paul Fowkes of the law firm Disparti, Fowkes and Hasanbasic, P.A. as class counsel. Defendant does not oppose the relief sought herein.

---

[2] The Class Action Settlement Agreement, attached hereto, has been filed without the exhibits referenced in the Agreement. The parties are currently working on finalizing said exhibits, including the proposed Notice of Class Action, and anticipate filing same in the near future along with a Joint Motion for Preliminary Approval of Class Action Settlement Agreement.

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which provided service to Ernest "Skip" Kohlmyer, III, Esq., **Urban, Their, Federer & Chinnery, P.A.**, 200 South Orange Avenue, Suite 2000, Orlando, Florida 32801, *counsel for Defendant.*

Respectfully submitted,

**LINDA KLEWINOWSKI,**
individually and on behalf of
all others similarly situated, by:

/s/ *Ryan C. Hasanbasic*
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
rhasanbasic@DFHlawfirm.com
**DISPARTI FOWKES & HASANBASIC, P.A.**
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)

-and-

/s/ *Roger D. Mason, II*
Roger D. Mason, II, Esq.
rmason@flautolawyer.com
Florida Bar No. 504793
Zachary A. Harrington, Esq.
zharrington@flautolawyer.com
Florida Bar No. 044104
**ROGER D. MASON, II, P.A.**
5135 West Cypress Street, Suite 102
Tampa, Florida 33607
Telephone: (813) 304-2131