IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA KLEWINOWSKI, an
individual and on behalf of those
similarly situated,,

        Plaintiffs,

v.

MFP, INC., d/b/a FINANCIAL
CREDIT SERVICES,

        Defendant.

_____/

Case No.: 8:13-cv-1204-VMC-TBM

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") in the above-captioned case between Plaintiff, LINDA KLEWINOWSKI, an individual, on behalf of herself and all others similarly situated (hereinafter "Class Members") and Defendant, MFP, INC., d/b/a FINANCIAL CREDIT SERVICES, (hereinafter "Defendant") was reached after arms-length negotiations between counsel for all parties, and the terms and conditions are provided as follows:

### RECITALS:

A.     The Class Members are a class of individuals (as defined below) on whose behalf Plaintiff filed a class action complaint in the above-styled and numbered cause.

B.     The Class Action Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*, hereinafter the

# Exhibit D

"FDCPA") and that such alleged violation renders Defendant liable for statutory damages, costs, and reasonable attorneys' fees.

C.      Defendant denies the material allegations in Plaintiff's Complaint, disputes both factually and legally that it is liable in any way to Plaintiff or the Class she seeks to represent, denies that its actions violated state or federal law in any manner, and asserts that even if Plaintiff was to prevail, its maximum class liability is limited by 15 U.S.C. § 1692k(a)(2) to an amount that is less than one dollar, ten cents ($1.10) per class member, such that there could never be a meaningful distribution of money to the Class Members. Nevertheless, Defendant concludes that the further conduct of this litigation by them would be protracted and expensive, and that it is desirable that this litigation be fully, finally, and fever settled in the manner set forth in this Agreement. The Plaintiff and Defendant are therefore, willing to enter into this Agreement to avoid the further expense and inconvenience of litigation and to buy peace and resolve and settle all claims which have been made or could be made against it by Plaintiff and the Class Members arising out of the Defendant's alleged statutory violation.

D.      Class Counsel (defined below) has demonstrated to the court a sufficient level of experience in handling class actions, consumer protection cases, and other complex civil litigation. Class Counsel has analyzed the facts and law relevant to this litigation, and recognized the uncertainty of the outcome and the substantial expense and delay associated with the continued prosecution of this litigation against Defendant through trial and through appeals. Further, Class Counsel is mindful of the limitations on any possible recovery to the Class Members, even if they were to recover the maximum

amount allowed by law, and they recognize that protracted litigation is unlikely to serve the interests of the class.

E.      Based on Class Counsel's analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case there could never be any meaningful distribution to the Class Members, and pursuant to the advice of Class Counsel, Plaintiff has determined that a settlement on the terms set forth herein is fair, adequate, and reasonable, and thus in the best interest of the Class Members.

F.      Based on the analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case there could never be anything other than a *de minimus* distribution to the Class Members, Defendant believes that this settlement with the Class Members on the terms set forth below is fair, adequate, and reasonable.

G.      The Parties are desirous of entering into and obtaining approval of this Agreement, pursuant to FED. R. CIV. P. 23, in order to fully and finally resolve all claims and disputes arising out of, or related to Plaintiff's claims of violations of the FDCPA by Defendant or any of its officers, directors, shareholders, employees, agents, or representatives.

## ARTICLE I
### DEFINITIONS

When used in this Settlement Agreement, the following terms shall mean:

1.1      "AGREEMENT" means this Settlement Agreement in the above-styled and numbered cause.

1.2     "BUSINESS DAY" means any day on which national banks are open for the conduct of general business.

1.3     "CLASS" means the class as agreed to by the Parties, and in accordance with the terms of this Agreement, which is described as:

> All residents of the State of Florida who were mailed debt collection notice(s) from MFP relating to a consumer debt between May 9, 2012 and May 15, 2013 which was in substantially similar form and content to the letter attached as Attachment 1.

1.4     "CLASS COUNSEL" means Paul R. Fowkes, Esquire and Ryan C. Hasanbasic, Esquire of Disparti, Fowkes & Hasanbasic, P.A. located at 2203 North Lois Avenue, Suite 830, Tampa, Florida 33607 and Roger D. Mason, Esquire and Zachary A. Harrington, Esquire, of Roger D. Mason, II, P.A. located at 5135 West Cypress Street, Suite 102, Tampa, Florida 33607.

1.5     "CLASS MEMBERS" mean those persons who are a part of the Class.

1.6     "CLASS NOTICE" means the proposed notice, in a form substantially similar to that attached hereto as **Exhibit A**, as approved by the Court.

1.7     "CLASS PERIOD" means May 9, 2012 to up to and including the Effective Date as defined in this Settlement Agreement.

1.8     "CONSUMMATION DATE" means the date upon which all obligations and duties of the Parties have been effectuated and the Agreement has been closed.

1.9     "COURT" means the United States District Court for the Middle District of Florida, Tampa Division.

1.10 "DEFENDANT" means MFP, Inc. d/b/a Financial Credit Services (hereinafter referred to as either "Defendant" or "MFP") and includes all officers, directors, shareholders, agents, employees, and insurers of Defendant.

1.11 "EFFECTIVE DATE" means the date that this Agreement is finally approved by the Court, and neither Defendant, Plaintiff, nor Class Counsel have given notice of withdrawal as provided in Section 5.2. This Agreement shall be finally approved only after the Court has entered the Final Order and Judgment, and the time for perfecting an appeal of such Final Order and Judgment has expired with no appeal taken; final dismissal of any appeal taken; or affirmance of the Final Order which is not subject to further review by any court with appellate jurisdiction over the Litigation, and such Final Order and Judgment has not been vacated or reversed.

1.12 "FAIRNESS HEARING" means the hearing to be conducted by the Court pursuant to FED. R. CIV. P. 23 to consider the fairness, adequacy, and reasonableness of the settlement reflected in this Agreement, a date to be set by the court.

1.13 "FINAL ORDER AND JUDGMENT" means the final order and judgment to be entered by the Court approving this Agreement as fair, adequate, and reasonable under FED. R. CIV. P. 23, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement. A proposed Final Order and Judgment is attached hereto as **Exhibit C.**

1.14 "INITIAL NOTICE DATE" means: (1) the date in which the Class Notice is to be published in the two (2) Florida USA Today regional papers within the State of Florida.

1.15   "LITIGATION" means the above-captioned and numbered case.

1.16   "PARTIES" means the Class Members (including Plaintiff), Class Counsel and Defendant.

1.17   "PRELIMINARY APPROVAL DATE" means the date that the Court enters its order granting Preliminary Approval of Class Action Settlement Agreement, in a form substantially similar to that attached hereto as **Exhibit B**.

1.18   "RELEASED CLAIMS" means:

Any and all claims, actions, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees, of any nature whatsoever, whether based on any federal law (including the FDCPA), state law (including the FCCPA), common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), including all "Unknown Claims" (as defined below), which Plaintiff or a Class Member has arising out of, based upon, or in any way relating to the class claims asserted in the Lawsuit, including but not limited to:

a.   Claims arising out of or related to any of the allegations, facts, events, occurrences, acts or omissions mentioned or referred to in the complaint filed in the Lawsuit or other matters that were or could have been brought or asserted against the "Released Parties" (as defined below), relating to MFP's written communications in the Litigation.

b.   Claims arising out of the prosecution or defense of the Litigation including, but not limited to, claims related to the execution of this Agreement, such as claims of fraud in the inducement, negligent misrepresentation, or fraud, except that nothing herein releases any claim arising out of the violation or breach of this Agreement; and

c.   Claims arising out of or related to the notice of this settlement.

1.19   "UNKNOWN CLAIMS" means:

Any and all claims that Plaintiff or any Class Member does not know or even suspect to exist against any of the Released parties, which, if known, might have affected his or her decision regarding the settlement of this Litigation.  Plaintiff further acknowledges, and the Class Members shall be deemed to acknowledge, that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of the Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

1.20   "RELEASED PARTIES" means: MFP and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns,

licensees, divisions, clients, joint ventures and any entities directly or indirectly involved in the Litigation, and all of their subsidiary entities, and any other related entity.

This Agreement and the settlement embodied herein shall not release any debt owed to Defendant's clients by Plaintiff or the Class, nor shall this settlement operate as an accord and satisfaction of such debt.

### Article II
### TERMS AND CONDITIONS OF THE SETTLEMENT

Plaintiff and Defendant agree to the following settlement, subject to the terms and conditions of this Agreement and the terms and conditions of the incorporated documents. The relief provided for under this Agreement is in full satisfaction of all of Defendant's liability for all Released Claims (as defined above) of Plaintiff and all of the Class Members.

2.1    Class Action Settlement Procedures

A.    Plaintiff and Defendant shall file a Joint Motion for Approval of Class Action Settlement Agreement with the Court (the "Joint Motion for Preliminary Approval") seeking entry of an Order of Preliminary Approval of Settlement (the "Preliminary Approval Order") that would (1) preliminarily approve this Agreement and the proposed notice to the Class regarding the Settlement Motion and the relief sought thereby (the "Class Notice"); and (2) direct that the Class Notice be distributed to the Class in the manner described below. The Class Notice and Preliminary Approval Order shall be in a form substantially similar to those attached hereto and incorporated herein by reference as **Exhibits A** and **B**, respectively. The Class Notice shall inform the Class of the nature of this litigation, the proposed settlement, and the right of Class Members to

opt out or object, and shall be in a form substantially similar to that attached hereto and incorporated herein by reference as **Exhibit A.** The Class Notice shall be distributed solely by publication and shall be published once in a newspaper or magazine with state-wide distribution in the State of Florida. The parties have selected the (2) Florida USA Today regional papers. Furthermore, Plaintiff and Class Counsel will support the Settlement and will take no action inconsistent with such support.

The electronic data containing the Class Member list shall be returned to the Defendant's counsel and Class Counsel shall certify that they are not in possession of any copies or other data containing this information. Class Counsel agree to return any hard copies of the data to Defendant's counsel, destroy or delete any electronic records relating to the class member list, and provide certification of having done so within five (5) business days from the date this Agreement is signed by the Parties. The electronic data or other documents containing the Class Members list shall be held in trust by Defendant's Counsel and not destroyed or disposed of until the terms and conditions of dismissal and payment under this Settlement Agreement have been completed by the Parties. Should it be necessary to continue with the Lawsuit, the electronic data or other Class Member list will be returned to Class Counsel for their use in providing other required notices in this case.

B.     The settlement shall be administered by Defendant. The cost of providing publication notice to the Class shall be borne by Defendant. If the court disapproves notice by publication, Defendant agrees to retain First Class, Inc. to administrator individual notice by U.S. Mail, the cost of which will also be paid by the Defendant.

C.      Plaintiff and Defendant shall file a Joint Motion for Approval of the Final Order and Judgment (the "Final Settlement Motion") seeking the entry of the Final Order and Judgment, finally approving the Agreement following the Fairness Hearing before the Court.  Among other things, the Final Order and Judgment shall include provisions that dismiss the Litigation with prejudice, approve the proposed relief to the Class, award compensation to the Plaintiff and attorney's fees, expenses, and costs to Class Counsel, and grant the individual and class releases described in this Agreement.

D.      Defendant's agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Class Action.  In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the entry of the Preliminary Approval Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in Article IV of this Agreement is not met or any termination right under Section 5.2 of this Agreement is exercised, then the Preliminary Approval Order, the Final Approval Order, this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved without further order of the Court, deemed null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant to, among other things, (i) oppose any efforts by the Plaintiff to pursue this action as a class action, and (ii) all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and the Settling Class.

2.2    <u>The Class</u>. The Class is defined in Section 1.3 above.  It is possible that some members of the Class may have filed bankruptcy proceedings or died during the Class Period.  The orders presented to the Court shall address that issue.

2.3    <u>Settlement Consideration</u>.    Subject to the terms of this Agreement, Defendant agrees to provide the following relief to Plaintiff and the Class:

A.    <u>Cy Pres Contribution</u>- Defendant shall pay to Bay Area Legal Services as a *cy pres* distribution on behalf of the Class the total sum of **$17,758.20**, which represents 1% of the net worth of the Defendant which is the maximum statutory recovery against the Defendant in this case. Within 10 days after the Effective Date, Defendant shall submit proof to the Plaintiff's counsel that a check in the amount of **$17,758.20**, made payable to the *cy pres* beneficiary, has been presented to the beneficiary.

B.    <u>Stipulated Equitable Relief</u> – Defendant represents and warrants that it has already corrected the issue related to the subject collection communication as referenced in this Lawsuit.  Defendant agrees to implement sufficient modifications to the wording of its collection notice to address the disputed issue contained in the Complaint in this Litigation (the "Stipulated Modifications").  Defendant agrees to cease the use of the letters containing the disputed language as of May 15, 2013 and will provide Class Counsel and the Court with an affidavit of compliance with this term and condition.

On the same date as the Parties move for entry of the Final Order and Judgment, the Parties will jointly submit a Stipulation to the Court that Defendant has discontinued the use of the disputed letter and has successfully implemented the use of the Stipulated Modifications in its written communications with Florida consumers.  The Final Order will also stipulate that MFP will not use the disputed language in the future. When seeking entry of the Final Order and Judgment, the Parties will jointly request that the Stipulation be incorporated into the Final Judgment and Order. The Stipulated Modifications shall be incorporated into the Settlement Agreement and shall serve as equitable relief benefiting the respective Class. By agreeing to this term, Defendant does <u>*not*</u> waive any defenses or rights under the federal or Florida law nor consent or agree that any modification was necessary to cure any alleged illegal language or conduct.

C.    <u>Class Plaintiff-</u> Defendant will also pay Plaintiff the total amount of $1,000.00 as consideration for her service as Class Representative in this case.

D.    <u>Class Notice and Settlement Administration</u>.  Defendant shall bear the costs of class notification and further administration.

E.    <u>Attorney's Fees and Costs.</u>  Defendant agrees to pay Class Counsel their reasonable attorney's fees, expenses, and costs as mutually agreed by the Parties or approved by the Court, no later than ten (10) business days after the Effective Date. Class Counsel shall be solely responsible for the distribution of these funds to all vendors, creditors, or participating attorneys, experts, or other consultants and services, which may have claim to these funds.

2.4    <u>Class Members' Release and Exclusive Remedy</u>.

A.    Upon entry of the Final Order and Judgment, each Class Member, including the Plaintiff, on behalf of such Class Members and of any person claiming by or through each such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee shall be deemed to release and forever discharge the Released Parties, from any and all of the Released Claims.

B.    The relief described herein is the exclusive method of recovery and exclusive remedy for all Class Members for any and all of the Released Claims, and shall be in lieu of any other remedy or right of action against the Released Parties for the Released Claims.  Accordingly, the Released Parties shall not be subject to liability of any kind to any Class Member with respect to any of the Released Claims, other than as set forth in this Agreement.

C.    Each Class Member, upon the Court's entry of a Final Order and Judgment, shall be enjoined by that Order from instituting or maintaining any action for the Released Claims against the Released Parties.  The Court's Final Order and Judgment shall enjoin such actions for the Released Claims.  The Court shall retain jurisdiction over the administration of this Agreement and may use its equitable powers to enforce this Agreement.

2.5    <u>Bar of Contribution Related Claims by Non-Defendant</u>.  The proposed Final Order and Judgment shall provide that all claims related to this Litigation for contribution, indemnification or reimbursement, however denominated, against

Defendant arising under state or federal law, shall be extinguished, discharged, satisfied, barred and enjoined.

2.6   Class Counsel's Attorneys Fees and Expenses. Class Counsel and Defendant have separately agreed that Defendant shall pay Class Counsel's attorney's fees, expenses, and costs, as approved by the Court. These funds shall be separately distributed to Class Counsel as provided above in Section 2.3.E.

2.7   Attorney's Fees of Individual Class Members.  Any Class Member or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than Class Counsel paid under Section 2.3.E hereof, shall be paid by the Class Member or other person.

2.8   No Admission of Liability by Defendant.  The parties and their attorneys stipulate that this Agreement does not constitute an admission by Defendant, that any claim or fact alleged by any party in the Class Action is true or correct, and Defendant expressly denies any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action.

2.9   Objection and Opt Out Period for Class Members.

A.   Class Members, or any other person, shall notify the Court, Class Counsel, and counsel for Defendant, in writing, of their intent to object as set forth in the Class Notice to one or more of the terms of this Agreement or the Conditional Order.

B.   Subject to Court approval, the Preliminary Approval Order will require that such notice of objections shall include:

(1)     a concise statement of each objection being made;

(2)     a detailed description of the facts underlying each objection;

(3)     a detailed description of the legal authorities underlying each objection;

(4)     a statement of whether the objector intends to appear at the Fairness Hearing;

(5)     a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

(6)     a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

C.     Subject to Court approval, the Preliminary Approval Order shall further provide that: Class Members, and all other interested persons shall file such notice of objections or opt outs with the Court and serve such notice of objections or opt outs upon Class Counsel and counsel for Defendant at the addresses set forth in Section 5.7 no later than thirty (30) days prior to the final Fairness Hearing.  Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections.

2.10   <u>Opt Outs</u>.  Class members may opt out of the Settlement by sending a written request for exclusion no later than thirty (30) days prior to the final Fairness Hearing, to the Clerk with a copy to Class Counsel and defense counsel.

2.11   <u>Mutual Limited Confidentiality.</u>  The Parties agree to the following mutual limited confidentiality terms (the "Mutual Limited Confidentiality Agreement"), which shall take effect upon the execution of this Agreement by the Parties:

A.   Other than facilitating the settlement, dismissal, administration and closure of this case, the Parties, including Class Counsel and Defense Counsel expressly agree that they will not directly or indirectly contact or reveal to, or through any media, including but not limited to, the news media, newsletters, web-sites, chat rooms, blogs, consumer protection organizations, including those representing or consisting of consumers, consumer protection organizations, organizations of consumer attorneys, or organizations whose purpose is to provide information to attorneys or cause to be published or disseminated to the general public or in advertising or promotional material; the existence and/or details of this Litigation or the terms and conditions contained in this Settlement Agreement.

B.   If either Party is contacted by the news media or any third party, that Party will not discuss the terms and conditions of said settlement and/or other details of the settlement, or the Litigation, other than to confirm that the

Litigation settled on terms both Parties believe to be fair, reasonable, and adequate.

C.      Class Counsel agree to immediately remove any reference of this case from any web-site owned or controlled by the law firms or lawyers employed as Class Counsel in this case and not to have any reference of any kind to this case on such website or websites in the future.

The Mutual Limited Confidentiality Agreement does not apply to or affect Class Counsel's right and obligation to discuss the terms and conditions of the Settlement Agreement with any prospective Class Member. The Mutual Limited Confidentiality Agreement also does not restrict Class Counsel from referring to this Litigation in the course of representation of future or existing clients or to demonstrate the skill and experience of the lawyers involved for court required events such as fee hearings or class certification experience.

The Mutual Limited Confidentiality Agreement is subject to orders of any duly authorized court or governmental agency. If either Party is requested or ordered by a court or governmental agency to disclose information otherwise protected by the Mutual Limited Confidentiality Agreement, that Party will notify the other Party within a reasonable amount of time or receiving notice of the request or order so that the other Party may appear and oppose it.

## Article III

### Representations and Warranties

3.1    Representations and Class Counsel's Warranties.  Class Counsel represent and warrant that they believe the settlement set forth in this Agreement is in the best interests of the Plaintiff and Class Members.  However, such representations shall not constitute the giving of legal advice to Defendant, who stipulates it is relying on the legal advice of its own attorneys in deciding whether to enter into this settlement. Class Counsel further warrant that they have no other current or former employees of their law firms, or their spouses, or any other retained client who is a Class Member who has been specifically retained or contacted for the purpose of deliberately opting out of this Settlement Agreement in order to continue with individual claims against the Defendant regarding the issues or disputes involved in this lawsuit.

3.2    Representations and Warranties of the Plaintiff.  Plaintiff represents and warrants as follows:

A.    that on the date of execution of this Agreement she is the owner of the individual claims asserted in the Litigation, she has not assigned, pledged (except to her attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Effective Date, she will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

B.    that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in the Class Action

Complaint is true or correct, and Defendant has always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters which are the subject of this litigation.

ARTICLE IV<br>CONDITIONS TO CLOSING

4.1   <u>Conditions</u>. The foregoing agreements of Plaintiff and Defendant are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects. Additionally, Defendant's obligation to provide the class the relief described herein and to proceed with closing shall be subject to the satisfaction of each of the following conditions to closing on or prior to the Consummation Date (unless such conditions are waived by Defendant):

A.    the Effective Date shall have occurred;

B.    the Court shall have approved and signed a Final Judgment that includes a release of all of the Released Claims;

C.    Defendant and Plaintiff shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and;

D.    the representations and warranties contained in Article III of this Agreement shall be true and correct as of the date of execution of this Agreement.

ARTICLE V
MISCELLANEOUS PROVISIONS

5.1    Appeals.  In the event that an appeal is taken by a Class Member or any other person from the Order Granting Preliminary Approval of the Settlement or the Final Order and Judgment, the parties to this Agreement agree to jointly support the position on such appeal that the order or orders appealed from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of Plaintiff, Class Counsel, or Defendant to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

5.2    Termination.  This Agreement shall be terminable by either Plaintiff or the Defendant upon five (5) Business Days written notice in the event that any of the terms, conditions, or representations of the Agreement are not adhered to by the Court or the Parties.  If this Agreement is terminated, Plaintiff, Defendant, and each of the Class Members shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendant and Plaintiff into these settlement discussions, and this Agreement and all other understandings and agreements between the parties and their respective counsel relating to the settlement, shall be deemed to be null and void and of no force and effect.

In that event, the parties will jointly notify the Court of the need to proceed with the case and the need to re-set deadlines and dates under the existing Scheduling Order.

5.3   <u>Distribution of Settlement Funds</u>.   Subject to Approval of the Court, the settlement funds will be distributed as follows:

A.   Within ten (10) days after the Effective Date, checks representing the distribution due to Plaintiff and Class Counsel described above will be sent by Defendant to Class Counsel.

B.   Within ten (10) days after the Effective Date, a check representing the *cy pres* distribution on behalf of the Class will be sent by Defendant to the Hillsborough County Bar Foundation.

5.4   <u>No Admission</u>.   The Parties and their attorneys stipulate that this Agreement is a compromise of disputed claims, and that this Agreement is entered into without admitting any liability, which liability is expressly denied, and without agreement by any Party to any of the allegations made by another Party.   The Parties and their attorneys further stipulate that nothing contained in this Agreement, the supporting documents, or the negotiations leading up to this Agreement shall be construed as an admission of liability or wrongdoing of any kind, and in the event that this Agreement is terminated this Agreement shall not act or be construed as a waiver of any claim or defense that Defendant or Plaintiff may have in the Litigation.

5.5   <u>Entire Agreement</u>.   This Agreement, including all referenced Exhibits, is the entire agreement of the Parties.   All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

5.6     Modification.  No modification of this Agreement may be made, except by written agreement executed by Plaintiff, Class Counsel, and Defendant, and approved by the Court.

5.7     Notices.  All notices between and to Class Counsel and Defendant required under this Agreement shall be sent by first class U.S. Mail, by hand delivery, or by any other verifiable means, to the recipients designated in this Agreement.  The timeliness of all submissions and notices shall be measured by the date that is three (3) days after the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by other verifiable means).  The persons designated to receive notice are as follows:

Class Counsel

    Paul R. Fowkes, Esquire
    Ryan C. Hasanbasic, Esquire
    Disparti, Fowkes & Hasanbasic, P.A.
    2203 North Lois Avenue, Suite 830
    Tampa, Florida 33607

    Roger D. Mason, Esquire
    Zachary A. Harrington, Esquire
    Roger D. Mason, II, P.A.
    5135 West Cypress Street, Suite 102
    Tampa, Florida 33607

Defense Counsel

    Ernest H. Kohlmyer, III, Esquire
    Urban, Thier, Federer & Chinnery, P.A.
    200 South Orange Avenue, Suite 2000
    Orlando, Florida 32801

5.8     Execution in Counterparts.  This Agreement may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same Agreement.

5.9     Applicable Law.  This Agreement shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of Florida without regard to any conflict of law provision in said laws of the State of Florida that might otherwise require the application of the laws of a jurisdiction other than that of the State of Florida to the performance, validity, construction, or enforcement of this Agreement.

5.10    Headings.   Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

5.11    Benefit of Agreement.  The Agreement shall be binding upon and inure to the benefit of the parties hereto, the Class Members, the Released Persons, and their respective successors, heirs, and assigns. Nothing in this Agreement is intended or shall be construed to give any other person or corporation any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

5.12    Place of Performance.  This Agreement shall be performed in the Middle District of Florida.

5.13    Best Efforts.  All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

5.14   <u>Parties Are Equal Drafters</u>.   The parties shall be deemed to have drafted this agreement equally, and the settlement documents shall not be construed strictly against Plaintiff or Defendant.

SIGNATURE PAGE

IN WITNESS WHEREOF, the PLAINTIFF has executed this Settlement Agreement on

the date set forth below.

LINDA KLEWINOWSKI

Date: 8/30/2013

STATE OF ILLINOIS

COUNTY OF LOGAN

BEFORE ME, the undersigned authority, on this day personally appeared LINDA
KLEWINOWSKI, known to me to be the person who executed the foregoing instrument and
acknowledged to me that she executed the same for the purposes and consideration therein
expressed.

Given under my hand and seal of office on 8 30          , 2013.

NOTARY PUBLIC,
STATE OF ILLINOIS

My Commission Expires: 12/31/17

OFFICIAL SEAL
CANDY BROWN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/31/17

## SIGNATURE PAGE

**IN WITNESS WHEREOF,** the DEFENDANT has executed this Settlement Agreement on the date set forth below.

MFP, INC. d/b/a FINANCIAL CREDIT SERVICES., by its authorized representative

_Deborah Kelly_
Print Name

Title: _EXECUTIVE DIRECTOR_

Date: _9/4/13_

STATE OF FLORIDA

COUNTY OF PINELLAS

BEFORE ME, the undersigned authority, on this day personally appeared _Deborah Kelly_ known to me to be the person who executed the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on _September 4_, 2013.

Notary Public State of Florida
Julie Gorman
My Commission EE093914
Expires 05/15/2015

NOTARY PUBLIC,
STATE OF
My Commission Expires: _5/15/2015_