IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA KLEWINOWSKI, an
individual, on behalf of herself
and all others similarly situated,

       Plaintiff,

Case No. 8:13-CV-1204-T-33-TBM

vs.

MFP, INC. d/b/a FINANCIAL CREDIT
SERVICES

       Defendant.
_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

Plaintiff LINDA KLEWINOWSKI, an individual, on behalf of herself and all others similarly situated, ("Plaintiff") and Defendant MFP, Inc. d/b/a FINANCIAL CREDIT SERVICES. ("Defendant") jointly request that the Court approve a proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, approve the attached Class Notice, and approve the proposed publication method of the Class Notice. The grounds supporting this motion are set forth in the following Memorandum.

## NATURE OF THE CASE

Plaintiff is an individual consumer. Defendant is a third party debt collector. Part of Defendant's business involves the collection of consumer medical debts from Florida residents. Defendant attempted to collect such debt from Plaintiff. Plaintiff contends that in attempting to collect consumer debts from her and the Class she seeks to represent,

Defendant violated the Fair Debt Collection Practices Act ("FDCPA") because the language contained on certain letters indicating "YOUR CREDITORS" was misleading and confusing to the "least sophisticated consumer." Defendant denies Plaintiff's allegations and asserts, *inter alia*, that the written communication is not in violation of the provisions of the FDCPA, and, in the alternative, if it was a violation, the conduct was unintentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably formulated to avoid the violation.

Plaintiff and Defendant seek to settle this matter and have executed the attached Settlement Agreement seeking a resolution pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) that would permit recovery of *cy pres* and voluntary equitable relief for the Class and permit members to opt out of the class settlement should they desire not to be bound by the terms of the settlement. The basis for this request is that the U.S. Congress has set limits on the class liability in FDCPA cases such that class members could not receive more than a *de minimus* recovery from the litigation of this case.

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff and Defendant jointly move that the Court approve the Settlement Agreement attached as **Exhibit 1** and, the terms and conditions contained therein. The Parties also seek the Court's review of the proposed language of the Class Notice which is attached hereto as **Exhibit 2**. The Parties also seek approval of the method of publication of that notice. Movants hereby stipulate that any failure of the Court to approve the settlement shall not operate as a waiver of the claims or defenses of any of the parties on the issue of liability at any future contested hearing. With the Court's

permission, a proposed Preliminary Approval Order in the form attached as **Exhibit 3** to the Settlement Agreement will be separately provided to the Court.

## NATURE OF SETTLEMENT

The parties have agreed to a settlement of this suit on a Florida class-wide basis. The essential terms of the settlement are set out in the Settlement Agreement attached as **Exhibit 1**. The Settlement provides substantial benefits to the Class and is fair, reasonable, and adequate in light of the relevant facts, the applicable law, and the potential value of the settlement to the Class.

Subject to the terms of the Settlement Agreement, Defendant agrees to provide the following relief to Plaintiff and the Class:

A. Defendant shall pay to the Bay Area Legal Services as a *cy pres* distribution on behalf of the Class the total sum of $17,758.20, which represents 1% of the Defendant's net worth as of December 31, 2012.

B. Defendant will also pay Plaintiff for her individual claim the total amount of $1,000.00 in consideration of Plaintiff's service to the Class.

C. Defendant shall bear the costs of notice and class administration.

D. Defendant will pay Class Counsel their reasonable attorney's fees, expenses, and costs, as approved by the Court.

E. Defendant will provide voluntary equitable relief to the Class. Defendant has agreed to voluntarily modify the language in the subject letters. Defendant has agreed to implement modifications to the language of its

collection letters as of May 15, 2013 sufficient to address the issue raised by this case.

Counsel for Plaintiff and Defendant represent to the Court that the proposed settlement agreement was reached through arms-length negotiations between the parties and that Class Counsel are able and experienced attorneys who are qualified to evaluate the proposed Settlement Agreement on behalf of the Class Members.

A copy of the proposed Class Notice, which is to be published in a newspaper with a state-wide distribution in the State of Florida (the parties have selected the two (2) regional USA Today newspapers), is attached hereto as **Exhibit 2**. That notice is sufficient to inform Class Members regarding: (a) the formation of the Class; (b) the Class definition; (c) the terms of the proposed settlement; (d) the proposed award of attorney's fees and expenses to Class Counsel; (e) Class Members' right to object to and to opt out of the proposed Settlement; (f) the time and date of the Fairness Hearing; and (g) Class Members' right to appear at the Fairness Hearing in favor of or in opposition to the proposed Settlement. The Class Notice is written in plain English in a manner reasonably calculated to allow Class Members to participate in the settlement. The Notice provides Class Members with sufficient information to make an informed decision to object to any aspect of the proposed Settlement. Defendant will publish the Notice as set forth in the Settlement Agreement or, if they find that doing so will be more cost effective, retain an independent claims administrator to do so.

## FINAL ORDER

At the final Fairness Hearing, Movants anticipate presenting a final order giving effect to the Settlement and dismissing with prejudice all claims of any purported Class Members who have not been excluded from the Class. Upon confirmation of the settlement at the Final Fairness Hearing, the proposed final order will release Defendant of all liability to the Class for the Released Claims and will enjoin Class Members from pursuing or filing suit upon the Released Claims.

## CONCLUSION

For these reasons, Plaintiff and Defendant respectfully request that the Court enter an Order granting Preliminary Approval of the terms and conditions of the attached Settlement Agreement and approving the form and publication method of the Class Notice.

Respectfully Submitted,

| | |
|---|---|
| /s/ Ryan C. Hasanbasic | /s/ Ernest H. Kohlmyer, III |
| Ryan C. Hasanbasic, Esq. | Ernest H. Kohlmyer, III |
| FBN: 0044119 | FBN: 110108 |
| Disparti Fowkes & Hasanbasic, P.A. | Urban, Thier, Federer & Chinnery, P.A. |
| 2203 North Lois Ave | 200 South Orange Avenue |
| Suite 830 | Suite 2000 |
| Tampa, FL 33607 | Orlando, Florida 32801 |
| (813) 221-0500 | (407) 245-8352 |
| (813) 228-7077 (FAX) | (407) 245-8361 (FAX) |
| rhasanbasic@dfhlawfirm.com | Kohlmyer@urbanthier.com |
| Counsel for Plaintiff | Counsel for Defendant |

## CERTIFICATE OF SERVICE

I hereby certify that on **September 10, 2013**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

/s/ Ryan C. Hasanbasic
Ryan C. Hasanbasic, Esq.
FBN: 0044119
Disparti Fowkes & Hasanbasic, P.A.
2203 North Lois Ave
Suite 830
Tampa, FL 33607
(813) 221-0500
(813) 228-7077 (FAX)
rhasanbasic@dfhlawfirm.com
Counsel for Plaintiff

-and-

/s/ Roger D. Mason, II
Roger D. Mason, II, Esq.
rmason@flautolawyer.com
Florida Bar No. 504793
Zachary A. Harrington, Esq.
zharrington@flautolawyer.com
Florida Bar No. 044104
**ROGER D. MASON, II, P.A.**
5135 West Cypress Street, Suite 102
Tampa, Florida 33607
Telephone: (813) 304-2131

/s/ Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III
FBN: 110108
Urban, Thier, Federer & Chinnery, P.A.
200 South Orange Avenue
Suite 2000
Orlando, Florida 32801
(407) 245-8352
(407) 245-8361 (FAX)
Kohlmyer@urbanthier.com
Counsel for Defendant