Defendant arising under state or federal law, shall be extinguished, discharged, satisfied, barred and enjoined.

2.6  *Class Counsel's Attorneys Fees and Expenses*. Class Counsel and Defendant have separately agreed that Defendant shall pay Class Counsel's attorney's fees, expenses, and costs, as approved by the Court. These funds shall be separately distributed to Class Counsel as provided above in Section 2.3.E.

2.7  *Attorney's Fees of Individual Class Members.* Any Class Member or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than Class Counsel paid under Section 2.3.E hereof, shall be paid by the Class Member or other person.

2.8  *No Admission of Liability by Defendant.* The parties and their attorneys stipulate that this Agreement does not constitute an admission by Defendant, that any claim or fact alleged by any party in the Class Action is true or correct, and Defendant expressly denies any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action.

2.9  *Objection and Opt Out Period for Class Members.*

A.  Class Members, or any other person, shall notify the Court, Class Counsel, and counsel for Defendant, in writing, of their intent to object as set forth in the Class Notice to one or more of the terms of this Agreement or the Conditional Order.

B.  Subject to Court approval, the Preliminary Approval Order will require that such notice of objections shall include:

(1) a concise statement of each objection being made;

(2) a detailed description of the facts underlying each objection;

(3) a detailed description of the legal authorities underlying each objection;

(4) a statement of whether the objector intends to appear at the Fairness Hearing;

(5) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

(6) a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

C. Subject to Court approval, the Preliminary Approval Order shall further provide that: Class Members, and all other interested persons shall file such notice of objections or opt outs with the Court and serve such notice of objections or opt outs upon Class Counsel and counsel for Defendant at the addresses set forth in Section 5.7 no later than thirty (30) days prior to the final Fairness Hearing. Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections.

2.10 <u>Opt Outs</u>. Class members may opt out of the Settlement by sending a written request for exclusion no later than thirty (30) days prior to the final Fairness Hearing, to the Clerk with a copy to Class Counsel and defense counsel.

2.11 <u>Mutual Limited Confidentiality.</u> The Parties agree to the following mutual limited confidentiality terms (the "Mutual Limited Confidentiality Agreement"), which shall take effect upon the execution of this Agreement by the Parties:

    A. Other than facilitating the settlement, dismissal, administration and closure of this case, the Parties, including Class Counsel and Defense Counsel expressly agree that they will not directly or indirectly contact or reveal to, or through any media, including but not limited to, the news media, newsletters, web-sites, chat rooms, blogs, consumer protection organizations, including those representing or consisting of consumers, consumer protection organizations, organizations of consumer attorneys, or organizations whose purpose is to provide information to attorneys or cause to be published or disseminated to the general public or in advertising or promotional material; the existence and/or details of this Litigation or the terms and conditions contained in this Settlement Agreement.

    B. If either Party is contacted by the news media or any third party, that Party will not discuss the terms and conditions of said settlement and/or other details of the settlement, or the Litigation, other than to confirm that the

Litigation settled on terms both Parties believe to be fair, reasonable, and adequate.

C. Class Counsel agree to immediately remove any reference of this case from any web-site owned or controlled by the law firms or lawyers employed as Class Counsel in this case and not to have any reference of any kind to this case on such website or websites in the future.

The Mutual Limited Confidentiality Agreement does not apply to or affect Class Counsel's right and obligation to discuss the terms and conditions of the Settlement Agreement with any prospective Class Member. The Mutual Limited Confidentiality Agreement also does not restrict Class Counsel from referring to this Litigation in the course of representation of future or existing clients or to demonstrate the skill and experience of the lawyers involved for court required events such as fee hearings or class certification experience.

The Mutual Limited Confidentiality Agreement is subject to orders of any duly authorized court or governmental agency. If either Party is requested or ordered by a court or governmental agency to disclose information otherwise protected by the Mutual Limited Confidentiality Agreement, that Party will notify the other Party within a reasonable amount of time or receiving notice of the request or order so that the other Party may appear and oppose it.

## Article III

### Representations and Warranties

3.1 <u>Representations and Class Counsel's Warranties.</u> Class Counsel represent and warrant that they believe the settlement set forth in this Agreement is in the best interests of the Plaintiff and Class Members. However, such representations shall not constitute the giving of legal advice to Defendant, who stipulates it is relying on the legal advice of its own attorneys in deciding whether to enter into this settlement. Class Counsel further warrant that they have no other current or former employees of their law firms, or their spouses, or any other retained client who is a Class Member who has been specifically retained or contacted for the purpose of deliberately opting out of this Settlement Agreement in order to continue with individual claims against the Defendant regarding the issues or disputes involved in this lawsuit.

3.2 <u>Representations and Warranties of the Plaintiff.</u> Plaintiff represents and warrants as follows:

    A. that on the date of execution of this Agreement she is the owner of the individual claims asserted in the Litigation, she has not assigned, pledged (except to her attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Effective Date, she will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

    B. that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in the Class Action

Complaint is true or correct, and Defendant has always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters which are the subject of this litigation.

## ARTICLE IV
## CONDITIONS TO CLOSING

4.1 <u>Conditions</u>. The foregoing agreements of Plaintiff and Defendant are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects. Additionally, Defendant's obligation to provide the class the relief described herein and to proceed with closing shall be subject to the satisfaction of each of the following conditions to closing on or prior to the Consummation Date (unless such conditions are waived by Defendant):

A. the Effective Date shall have occurred;

B. the Court shall have approved and signed a Final Judgment that includes a release of all of the Released Claims;

C. Defendant and Plaintiff shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and;

D. the representations and warranties contained in Article III of this Agreement shall be true and correct as of the date of execution of this Agreement.

## ARTICLE V
## MISCELLANEOUS PROVISIONS

5.1     Appeals.  In the event that an appeal is taken by a Class Member or any other person from the Order Granting Preliminary Approval of the Settlement or the Final Order and Judgment, the parties to this Agreement agree to jointly support the position on such appeal that the order or orders appealed from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of Plaintiff, Class Counsel, or Defendant to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

5.2     Termination.  This Agreement shall be terminable by either Plaintiff or the Defendant upon five (5) Business Days written notice in the event that any of the terms, conditions, or representations of the Agreement are not adhered to by the Court or the Parties.  If this Agreement is terminated, Plaintiff, Defendant, and each of the Class Members shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendant and Plaintiff into these settlement discussions, and this Agreement and all other understandings and agreements between the parties and their respective counsel relating to the settlement, shall be deemed to be null and void and of no force and effect.

In that event, the parties will jointly notify the Court of the need to proceed with the case and the need to re-set deadlines and dates under the existing Scheduling Order.

5.3 <u>Distribution of Settlement Funds</u>. Subject to Approval of the Court, the settlement funds will be distributed as follows:

A. Within ten (10) days after the Effective Date, checks representing the distribution due to Plaintiff and Class Counsel described above will be sent by Defendant to Class Counsel.

B. Within ten (10) days after the Effective Date, a check representing the *cy pres* distribution on behalf of the Class will be sent by Defendant to the Hillsborough County Bar Foundation.

5.4 <u>No Admission</u>. The Parties and their attorneys stipulate that this Agreement is a compromise of disputed claims, and that this Agreement is entered into without admitting any liability, which liability is expressly denied, and without agreement by any Party to any of the allegations made by another Party. The Parties and their attorneys further stipulate that nothing contained in this Agreement, the supporting documents, or the negotiations leading up to this Agreement shall be construed as an admission of liability or wrongdoing of any kind, and in the event that this Agreement is terminated this Agreement shall not act or be construed as a waiver of any claim or defense that Defendant or Plaintiff may have in the Litigation.

5.5 <u>Entire Agreement</u>. This Agreement, including all referenced Exhibits, is the entire agreement of the Parties. All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

5.6  Modification.  No modification of this Agreement may be made, except by written agreement executed by Plaintiff, Class Counsel, and Defendant, and approved by the Court.

5.7  Notices.  All notices between and to Class Counsel and Defendant required under this Agreement shall be sent by first class U.S. Mail, by hand delivery, or by any other verifiable means, to the recipients designated in this Agreement. The timeliness of all submissions and notices shall be measured by the date that is three (3) days after the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by other verifiable means). The persons designated to receive notice are as follows:

Class Counsel

Paul R. Fowkes, Esquire
Ryan C. Hasanbasic, Esquire
Disparti, Fowkes & Hasanbasic, P.A.
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607

Roger D. Mason, Esquire
Zachary A. Harrington, Esquire
Roger D. Mason, II, P.A.
5135 West Cypress Street, Suite 102
Tampa, Florida 33607

Defense Counsel

Ernest H. Kohlmyer, III, Esquire
Urban, Thier, Federer & Chinnery, P.A.
200 South Orange Avenue, Suite 2000
Orlando, Florida 32801

5.8 <u>Execution in Counterparts</u>. This Agreement may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same Agreement.

5.9 <u>Applicable Law</u>. This Agreement shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of Florida without regard to any conflict of law provision in said laws of the State of Florida that might otherwise require the application of the laws of a jurisdiction other than that of the State of Florida to the performance, validity, construction, or enforcement of this Agreement.

5.10 <u>Headings</u>. Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

5.11 <u>Benefit of Agreement</u>. The Agreement shall be binding upon and inure to the benefit of the parties hereto, the Class Members, the Released Persons, and their respective successors, heirs, and assigns. Nothing in this Agreement is intended or shall be construed to give any other person or corporation any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

5.12 <u>Place of Performance</u>. This Agreement shall be performed in the Middle District of Florida.

5.13 <u>Best Efforts</u>. All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

5.14 <u>Parties Are Equal Drafters</u>. The parties shall be deemed to have drafted this agreement equally, and the settlement documents shall not be construed strictly against Plaintiff or Defendant.

## SIGNATURE PAGE

IN WITNESS WHEREOF, the PLAINTIFF has executed this Settlement Agreement on the date set forth below.

_[signature]_
LINDA KLEWINOWSKI

Date: 8/30/2013

STATE OF ILLINOIS

COUNTY OF LOGAN

BEFORE ME, the undersigned authority, on this day personally appeared LINDA KLEWINOWSKI, known to me to be the person who executed the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on 8/30, 2013.

_[signature]_
NOTARY PUBLIC
STATE OF ILLINOIS

My Commission Expires: 12/31/17

[Official Seal: CANDY BROWN, NOTARY PUBLIC - STATE OF ILLINOIS, MY COMMISSION EXPIRES:12/31/17]

SIGNATURE PAGE

IN WITNESS WHEREOF, the DEFENDANT has executed this Settlement Agreement on the date set forth below.

*(signature)*

MFP, INC. d/b/a FINANCIAL CREDIT SERVICES., by its authorized representative

Deborah Kelly
Print Name

Title: EXECUTIVE DIRECTOR

Date: 9/4/13

STATE OF FLORIDA

COUNTY OF PINELLAS

BEFORE ME, the undersigned authority, on this day personally appeared Deborah Kelly known to me to be the person who executed the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on September 4, 2013.

NOTARY PUBLIC,
STATE OF
My Commission Expires: 5/15/2015

*(signature)*

Notary Public State of Florida
Julie Gorman
My Commission EE093914
Expires 05/15/2015