UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA KLEWINOWSKI, individually
and on behalf of those similarly
situated,

       Plaintiff,

v.                                 Case No.  8:13-cv-1204-T-33TBM

MFP, INC. d/b/a Financial Credit
Services,

       Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Linda Klewinowski's Unopposed Motion for Class Certification (Doc. # 20), which was filed on September 5, 2013.  For the reasons that follow, the Court grants the Motion.

**I.   Background**

On May 7, 2013, Plaintiff filed her Class Action Complaint (Doc. # 1), alleging that Defendant violated the terms of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  Plaintiff explains that on February 22, 2013, Defendant sent her a debt collection letter stating, "Your past due account with YOUR CREDITORS, in the amount of $2,245.52, was referred to Financial Credit Services some time ago to arrange for payment." (Doc. # 1 at ¶¶ 10-12).

Plaintiff alleges that the content of the letter violated the FDCPA because "nowhere in the Debt Collection Letter did Defendant identify specific 'YOUR CREDITORS' Plaintiff owed money to, how many creditors Defendant was collecting for, how much money Plaintiff allegedly owed to each creditor, or the subject matter of the alleged debt(s) that Defendant was collecting." (<u>Id.</u> at ¶ 13).  Plaintiff characterizes the letter as "patently confusing and misleading on its face." (<u>Id.</u> at ¶ 14).

Plaintiff further alleges that it is Defendant's practice and policy to send confusing and misleading letters to consumers that reference "YOUR CREDITORS" without identifying the specific names of the creditors. (<u>Id.</u> at ¶ 18).  In the Complaint, Plaintiff proposes that this case should proceed as a class action with the class defined as follows:

> A.  All natural persons with Florida addresses who received collection letters and/or notices from the Defendant that reference "YOUR CREDITORS" without identifying the specific person or entity on whose behalf Defendant was attempting to collect a debt or the original creditor;
> B.  During the one year period prior to the filing of this action through class certification;
> C.  In an attempt by Defendant to collect a debt incurred for personal, household, or family purposes; and
> D.  Such letter was not returned by the United States Postal Service.

(Id. at ¶ 20).  Defendant does not oppose class certification and the parties have entered into a settlement agreement.

II.  **Discussion**

As explained in <u>Valley Drug Company v. Geneva Pharmaceuticals, Inc.</u>, 350 F.3d 1181, 1187-88 (11th Cir. 2003), "Rule 23 establishes the legal roadmap courts must follow when determining whether class certification is appropriate."  Under Rule 23(a), a class may be certified only if (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims or defenses of the representatives are typical of the claims and defenses of the unnamed members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly.  "Failure to establish any one of these four factors and at least one of the alternative requirements of Rule 23(b) precludes class certification." <u>Id.</u> at 1188.

As discussed below, the Court finds that each of the Rule 23(a) requirements is met and further determines that the strictures of Rule 23(b)(1) and (3) have been satisfied.

A.  **Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." While Rule 23

-3-

does not specify an exact number necessary to satisfy numerosity, the Eleventh Circuit has indicated that having more than 40 class plaintiffs is generally enough to satisfy the rule. See Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986).

As to numerosity, it is undisputed that Defendant sent similar debt collection letters to 16,262 consumers, thus satisfying the requirement of numerosity.

**B.   Commonality**

Rule 23(a)(2) requires that there are "questions of law or fact common to the class."  Traditionally, commonality refers to the group characteristics of the class as a whole. Prado-Steiman v. Bush, 221 F.3d 1266, 1279 (11th Cir. 2000). However, this prerequisite does not mandate that all questions of law or fact be common; rather, a single common question of law or fact is sufficient to satisfy the commonality requirement, as long as it affects all class members alike. "For purposes of Rule 23(a)(2), even a single common question will do." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2556 (2001). "The threshold for commonality is not high." Cheney v. Cyberguard, 213 F.R.D. 484, 490 (S.D. Fla. 2003). As stated in Strube v. American Equity Investors Life Insurance Company, 226 F.R.D. 688, 695 (M.D. Fla. 2005),

"Commonality may be established where there are allegations of common conduct or standardized conduct by the defendant directed towards members of the proposed class." <u>See</u> <u>also</u> <u>In re Terazosin Hydrochloride Antitrust Litig.</u>, 220 F.R.D. 672, 685 (S.D. Fla. 2004)("Where the complaint alleges that the Defendants have engaged in a standardized course of conduct that affects all class members, the commonality requirement will generally be met.").

The requirement of commonality is satisfied here because it is alleged that Defendant issued standardized debt collection letters to each member of the putative class in violation of the FDCPA. As asserted in the Motion, the claims of the putative class members depends on a common contention that Defendant's debt collection letters identifying "YOUR CREDITORS" violate the FDCPA. Each of the putative class members' claims hinge on whether this Court determines that such letters violate the FDCPA.

**C.   <u>Typicality</u>**

The focus of Rule 23(a)(3) typicality is whether the class representative's interests are aligned with the proposed class so as to stand in their shoes for the purposes of the litigation and bind them in a judgment on the merits. <u>Gen. Tel. Co. v. Falcon</u>, 457 U.S. 147, 156 (1982); <u>Busby v. JRHBW</u>

Realty, Inc., 513 F.3d 1314, 1323 (11th Cir. 2008)("typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large.") "The typicality requirement is generally met if the class representative and the class members received the same unlawful conduct, irrespective of whether the fact patterns that underlie each claim vary." Rosario-Guerrero v. Orange Blossom Harvesting, Inc., 265 F.R.D. 619, 627 (M.D. Fla. 2010).

The requirement of typicality is met here because Plaintiff's claims are typical of those of the other putative class members.  As asserted in the Motion: "Plaintiff and the proposed FDCPA Class were each subject to Defendant's common course of conduct.  That is, they were all subjected to the same collection letter from Defendant, and, accordingly, Defendant's alleged unlawful collection activity." (Doc. # 20 at 11).  It appears that Plaintiff's claims and those advanced on behalf of the class are completely aligned.  Such claims arise from the same alleged pattern or practice of Defendant and are based on the same legal theory.

### D.   Adequacy of Representation

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the

class." To assess adequacy of representation, the Court must determine "whether plaintiff[] ha[s] interests antagonistic to those of the rest of the class" and "whether plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation" Griffin v. Carlin, 755 F.2d 1516, 1533 (11th Cir. 1985).

The Court finds that Plaintiff is an adequate Class Representative. Plaintiff's declaration demonstrates that she understands her responsibilities as Class Representative and is capable of fulfilling them. (Doc. # 20-2). Among other statements, Plaintiff indicates that she is "willing and able to be a representative of the class" and that she understands that, if appointed, she will "have the responsibility to see that the lawyers prosecute the case on behalf of the entire class and not just on [Plaintiff's] behalf." (Id. at ¶¶ 12-13). Plaintiff also notes her willingness to offer testimony and provide documents, if necessary. (Id. at ¶ 14). Furthermore, there does not appear to be any conflict of interest or antagonism between Plaintiff and the putative class members. Accordingly, the Court appoints Plaintiff Linda Klewinowski as the Class Representative.

The Court likewise determines that Plaintiff's counsel are adequate representatives for prosecuting this action on a

class-wide basis.    The Court has been presented with
documentation which supports the Court's appointment of the
following attorneys as Class Counsel: Ryan Hasanbasic, Esq.
and Paul Fowkes, Esq. of the law firm of Disparti, Fowkes and
Hasanbasic, P.A. as well as Roger Mason, Esq. and Zachary
Harrington, Esq. of the law firm of Roger D. Mason, II P.A.
(Doc. # 20-3).

      **E.**  **Rule 23(b)(1)(A)**

Having determined that each of the Rule 23(a) factors
have been satisfied, the Court now evaluates Plaintiff's
assertion that the requirements of Rule 23(b)(1)(A) and
23(b)(3) are satisfied.

In order to certify a class under Rule 23(b)(1)(A), a
plaintiff must show that prosecuting separate actions by
individual members of the class would create the risk of
inconsistent or varying adjudications with respect to
individual class members that would establish incompatible
standards of conduct for the defendant.

Here, Plaintiff asserts that if this matter is not
permitted to proceed as a class, there will be no opportunity
to conclusively determine whether the "YOUR CREDITORS" letters
violate the FDCPA and the Defendant could face a situation
where the "YOUR CREDITORS" letter is deemed a violation of the

FDCPA in some cases, but not in other cases. (Doc. # 20 at 13).

The Court finds that the prosecution of separate actions based upon the issuance of "YOUR CREDITORS" letters could lead to inconsistent legal adjudications.  Furthermore, the Court agrees with Plaintiff that class certification "allows the issue of whether the 'YOUR CREDITORS' letter violates the FDCPA to be fully and conclusively determined and will allow the Defendant to concretely determine the course of future conduct." (Id.).  Thus, the requirements of Rule 23(b)(1)(A) are satisfied.

**F.   Rule 23(b)(3)**

Rule 23(b)(3) includes two requirements: (1) that questions of law or fact common to the members of the class predominate over any questions affecting only individual members (predominance) and (2) that a class action is superior to other available methods for fair and efficient adjudication of the controversy (superiority).  Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1265 (11th Cir. 2009).

**1.   Predominance**

Under Rule 23(b)(3), "[i]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual

questions." <u>Klay v. Humana, Inc.</u>, 382 F.3d 1241, 1254 (11th Cir. 2004).   "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action.   Common issues of fact predominate if they have direct impact on every class member's effort to establish liability and on every class member's entitlement to relief." <u>Id.</u> at 1255 (internal citations omitted).   As stated in <u>Kerr v. City of West Palm Beach</u>, 875 F.2d 1546, 1558 (11th Cir. 1989), "[T]he issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." (internal citations omitted).

Here, it is alleged that Plaintiff and all members of the putative class were the subject of the same collection activity from Defendant, particularly the issuance of a "YOUR CREDITORS" letter.   Plaintiff correctly asserts that "[b]ecause of the standardized nature of Defendant's conduct, common questions predominate." (Doc. # 20 at 14). Furthermore, the common question to be decided is whether the "YOUR CREDITORS" letter violates the FDCPA.   This common issue predominates over any other issue presented in this matter, and thus, the requirement of predominance has been satisfied.

2.   <u>**Superiority**</u>

The superiority requirement of Rule 23(b)(3) focuses "not on the convenience or burden of a class action suit *per se*, but on the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." <u>Klay</u>, 382 F.3d at 1269.  "It is only when [management] difficulties make a class action less fair and efficient than some other method, such as individual interventions or consolidation of individual lawsuits, that a class action is improper." <u>Carnegie v. Mut. Sav. Life Ins. Co.</u>, No. 99-cv-3292, 2002 U.S. Dist. LEXIS 21396, at *76-77 (N.D. Ala. Nov. 1, 2002).

The Court has examined the factors enumerated in Rule 23(b)(3)(A)-(D), such as "the class members' interest in individually controlling the prosecution . . . of separate actions," "the desirability or undesirability of concentrating the litigation of the claims in the particular forum," and manageability issues.  After so doing, the Court determines that class wide resolution of the dispute is superior to other methods of adjudication.  This is especially so because the Court has already determined that Plaintiff satisfied the predominance prong of Rule 23(b)(3): "the predominance analysis . . . has a tremendous impact on the superiority

analysis . . . for the simple reason that, the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims." <u>Klay</u>, 382 F.3d at 1269.

Furthermore, "[t]he large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that a class action would be the superior method of adjudicating the FDCPA claim." <u>Hicks v. Client Servs., Inc.</u>, No. 07-61822, 2008 U.S. Dist. LEXIS 101129, at *26 (S.D. Fla. Dec. 11, 2008).

## III. <u>Conclusion</u>

For the foregoing reasons, the Court grants the Motion for Class Certification.  The Court notes that the parties have reached a settlement and have also filed a motion for Court approval of the settlement.  The Court will address that motion via separate Order.

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Linda Klewinowski's Unopposed Motion for Class Certification (Doc. # 20) is **GRANTED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of September, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record