UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA KLEWINOWSKI, individually
and on behalf of those similarly
situated,

   Plaintiff,
v.          Case No.   8:13-cv-1204-T-33TBM

MFP, INC. d/b/a Financial Credit
Services,

   Defendant.
_____/

**ORDER**

  This cause comes before the Court pursuant to Plaintiff Linda Klewinowski and Defendant MFP, Inc.'s Joint Motion for Preliminary Approval of Class Action Settlement (Doc. # 21), which was filed on September 9, 2013.  For the reasons that follow, the Court denies the Motion without prejudice.

**I.   Background**

  On May 7, 2013, Plaintiff filed her Class Action Complaint (Doc. # 1), alleging that Defendant violated the terms of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  Plaintiff explains that on February 22, 2013, Defendant sent her a debt collection letter stating, "Your past due account with YOUR CREDITORS, in the amount of $2,245.52, was referred to Financial Credit Services some time ago to arrange for payment." (Doc. # 1 at ¶¶ 10-12).

Plaintiff alleges that the content of the letter violated the FDCPA because "nowhere in the Debt Collection Letter did Defendant identify specific 'YOUR CREDITORS' Plaintiff owed money to, how many creditors Defendant was collecting for, how much money Plaintiff allegedly owed to each creditor, or the subject matter of the alleged debt(s) that Defendant was collecting." (Id. at ¶ 13). Plaintiff characterizes the letter as "patently confusing and misleading on its face." (Id. at ¶ 14).

Plaintiff further alleges that it is Defendant's practice and policy to send confusing and misleading letters to consumers that reference "YOUR CREDITORS" without identifying the specific names of the creditors. (Id. at ¶ 18). In the Complaint, Plaintiff proposes that this case should proceed as a class action with the class defined as follows:

> A. All natural persons with Florida addresses who received collection letters and/or notices from the Defendant that reference "YOUR CREDITORS" without identifying the specific person or entity on whose behalf Defendant was attempting to collect a debt or the original creditor;
> B. During the one year period prior to the filing of this action through class certification;
> C. In an attempt by Defendant to collect a debt incurred for personal, household, or family purposes; and
> D. Such letter was not returned by the United States Postal Service.

(Id. at ¶ 20). In the Complaint, Plaintiff indicates: "As a result of Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff and the FDCPA Class are entitled to statutory damages in an amount up to $1,000.00 each, plus reasonable attorneys' fees and costs." (Doc. # 1 at ¶ 35).

On September 5, 2013, Plaintiffs filed an Unopposed Motion for Class Certification. (Doc. # 20). On September 12, 2013, the Court entered an Order pursuant to Rule 23 of the Federal Rules of Civil Procedure certifying this case as a class action. (Doc. # 25).

At this juncture, the parties seek an Order granting preliminary approval of the class action settlement. The parties also seek an order approving the proposed Class Notice and the proposed publication method of the Class Notice.

## II. Discussion

In the Settlement Agreement, the parties provide additional information about the nature of the claims and a proposal for the disposition of the action. The parties explain that "Defendant is a third party debt collector [and] part of Defendant's business involves the collection of consumer medical debts from Florida residents." (Doc. # 21 at

1).[1]  The parties have reached a settlement in which Defendant will pay Linda Klewinowski, the named Plaintiff, $1,000.00 and will pay Bay Area Legal Services a "cy pres" distribution of $17,758.20.[2]  Defendant also agrees to pay reasonable attorneys' fees of Class Counsel.[3]  In addition to the monetary relief, Defendant submits that it has "agreed to voluntarily modify the language in the subject letters . . . to address the issue raised by this case." (Doc. # 21 at 3-4).

The Court requires further information before it can preliminarily approve the class settlement.

A.  **Cy Pres Distribution**

As explained in Perkins v. American National Insurance Co., No. 3:05-cv-100, 2012 U.S. Dist. LEXIS 95039, at *5 (M.D. Ga. July 10, 2012), "[t]he equitable cy pres doctrine has been

---

[1] "The FDCPA broadly defines the word 'debt.'" Reese v. Ellis, Painter, Ratterree & Adams LLP, 678 F.3d 1211, 1216 (11th Cir. 2012).  Medical care has been found to constitute a service "primarily for personal, family, or household purposes" pursuant to the FDCPA. See Thorne v. Accounts Receivable Mgmt., No. 11-22290, 2012 U.S. Dist. LEXIS 109165, at *31 n.5 (S.D. Fla. July 24, 2012).

[2] 15 U.S.C. § 1692k(a)(2)(B) limits a debt collector's liability in class actions to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." Here, the parties indicate that the sum of $17,758.20 is equal to 1 per centum of Defendant's net worth as of December 31, 2012.

[3] However, the amount of attorneys' fees is unknown at this time.

adopted in the class action context, but it actually originated from the field of trusts and estates law."

> In trusts and estates law, cy pres, taken from the Norman French expression *cy pres comme possible* ("as near as possible") save[s] testamentary gifts that would otherwise fail because their intended use is no longer possible. Courts permit the gift to be used for another purpose as close as possible to the gift's intended purpose. . . . In class actions, courts have approved creating cy pres funds, to be used for a charitable purpose related to the class plaintiffs' injury, when it is difficult for all class members to receive individual shares of the recovery and, as a result, some or all of the recovery remains.

Id. (citing In re Lupron Mktg. & Sales Practices Litig., 677 F.3d 21, 30 (1st Cir. 2012)).

"Courts are not in disagreement that cy pres distributions are proper in connection with a class settlement, subject to court approval of the particular application of the funds." Nelson v. Mead Johnson & Johnson, Co., 484 F. App'x 429, 435 (11th Cir. 2012). Cy pres distributions are commonly utilized for unclaimed funds. See e.g. Nelson v. Greater Gadsden Hous. Auth., 802 F.2d 405, 409 (11th Cir. 1986)(in class action involving utility allowances to tenants in a public-housing complex, affirming court approval of a settlement in which defendant utilized unclaimed settlement funds to increase energy efficiency of the apartment units); Battle v. Law Offices of Charles W.

McKinnon, P.L., No. 2:12-cv-14172-KMM, 2013 U.S. Dist. LEXIS 29263, at *15 (S.D. Fla. Mar. 5, 2013)(preliminarily approving a class action settlement in a FDCPA case in which "any funds from uncashed, expired settlement checks . . . will be paid over as a cy pres award . . . to be distributed to Florida Rural Legal Services, Inc.").

Unlike those cases in which the cy pres doctrine has been utilized to make good use of unclaimed settlement funds, in this case, the parties seek an order preliminarily approving a cy pres payment to Bay Area Legal Services in lieu of making payments to the individual class members.

The Court's research regarding cy pres distributions in class action settlements has revealed a factually similar case, Gaalswyk-Knetzke v. The Receivable Management Services, Corp., 8:08-cv-493-T-26TGW. In that case, the Honorable Richard A. Lazzara, United States District Judge, approved a class action settlement in a FDCPA case, in which the defendant made a cy pres distribution to the Hillsborough County Bar Foundation in the amount of $500,000. As previously noted, 15 U.S.C. § 1692k(a)(2)(B) limits a debt collector's liability in class actions to "the lesser of

$500,000 or 1 per centum of the net worth of the debt collector."[4]

Here, further evidence, such as an affidavit, is needed to satisfy the Court that the proposed settlement ($17,758.20) is actually 1 per centum of Defendant's net worth. See Day v. Persels & Associates, LLC, No. 12-11887, 2013 U.S. App. LEXIS 18741, at *53 (11th Cir. Sep. 10, 2013)(vacating a class action settlement which called for a cy pres distribution of $100,000.00 to the American Bar Foundation due to the court's failure to make proper findings regarding the defendant's financial status).

The Court recognizes that "a strong policy and presumption in favor of class action settlements" exists and that the Court must not "substitute its business judgment for that of the parties." Torres v. Bank of America, 830 F. Supp. 2d 1330, 1341 (S.D. Fla. 2011).  Nevertheless, the Court requires further information regarding the proposed cy pres distribution before preliminarily approving the settlement.

### B.  Attorneys' Fees

---

[4] In Gaalswyk-Knetzke, because defendant The Receivable Management Services, Corp. paid the statutory maximum, $500,000, The Receivable Management Services, Corp.'s net worth was not relevant.

Class Counsel have supplied the Court with a proposed Class Notice detailing the manner in which class members may object to the settlement or opt out of the settlement. The proposed Class Notice essentially indicates that, unless a class member objects to the settlement or opts out of the settlement, such class member cannot effectively challenge the attorneys' fees sought in this case. However, the record reflects that the amount of attorneys' fees Class Counsel seeks is unknown. The proposed Class Notice specifically states:

> No member of the Class, or any other person, will be heard at the Fairness Hearing in opposition to the Class Settlement, **Class Counsel's proposed attorneys' fees and expenses**, or the proposed payments to Class Representative unless . . . such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Defendant's Counsel the following: (i) a statement of each objection being made; (ii) a detailed description of the facts underlying each objection; (iii) a detailed description of the legal authorities underlying each objection; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing, together with a summary of each witness' anticipated testimony; and (vi) a list of exhibits which the objector may offer during the Fairness Hearing, together with true copies of all of the exhibits.
>
> Class Members and any other persons who fail to file their notices to opt out and/or objections properly or timely with the Court Clerk, or fail to serve such notices and objections on Class Counsel

-8-

>     and Defendant's Counsel timely, will not be heard
>     during the Fairness Hearing and the Court will not
>     consider their objections.  Any notice required by
>     this paragraph shall be served on Class Counsel and
>     Defendant's Counsel by certified mail, hand-
>     delivery, or facsimile transmission. No objection
>     shall be heard by the Court which: (a) does not
>     comply with these requirements; (b) is not timely
>     filed with the Court; or (c) is not timely served
>     on listed counsel.

(Doc. # 24 at 6)(emphasis added).

The Court is concerned that dissemination of the Class Notice, as drafted, would place an unfair obligation on class members by requiring them to object to Class Counsels' "proposed attorneys' fees and costs" without being informed as to the amount of such fees and costs.[5]

### C.  Other Concerns

The Court has had the opportunity to evaluate the proposed order submitted in support of granting preliminary approval of the class action settlement as well as the proposed Class Notice.  These documents are internally inconsistent with respect to a number of important details. These documents refer to the Defendant by a plethora of

---

[5] The Court notes that in <u>Gaalswyk-Knetzke</u>, the parties advised the Court as to at least an approximation of the attorneys' fees that would be requested prior to seeking preliminary approval of the class action settlement.  There, the parties advised the court that "Class Counsel agrees to petition the Court for an award of attorneys' fees, costs, and expenses of no more than $125,000.00." (Case 8:08-cv-493-T-26TGW Doc. # 54 at Ex. A, p. 3).

different names, place varying requirements on potential objectors to the class action settlement, and contain shifting class definitions. Counsel should carefully review these proposed documents before tendering them to the Court for further consideration.

### III. Conclusion

The Court directs the parties to confer and address these concerns prior to reasserting their request for preliminary approval of the class action settlement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Linda Klewinowski and Defendant MFP, Inc.'s Joint Motion for Preliminary Approval of Class Action Settlement (Doc. # 21) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record