# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA KLEWINOWSKI, an
individual, on behalf of herself
and all others similarly situated,

        Plaintiffs,

                              Case No. 8:13-CV-1204-T-33-TBM

vs.

MFP, INC. d/b/a FINANCIAL CREDIT
SERVICES

        Defendant.
_____/

## NOTICE OF CLASS ACTION

TO:    ALL RESIDENTS OF FLORIDA WHO RECEIVED A COLLECTION LETTER BEARING THE WORDS "YOUR CREDITORS" FROM THE FINANCIAL CREDIT SERVICES OF CLEARWATER, FLORIDA BETWEEN MAY 9, 2012 AND MAY 15, 2013.

**NOTICE IS HEREBY GIVEN THAT**, pursuant to the Order of the United States District Court for the Middle District of Florida, (the "Court"), dated _____, 2013, it was determined that the above-captioned lawsuit may be settled on behalf of a Class of Plaintiffs (the "Class") pursuant to Fed. R. Civ. P. 23 and defined as follows:

    ALL RESIDENTS OF FLORIDA WHO RECEIVED A COLLECTION LETTER BEARING THE WORDS "YOUR CREDITORS" FROM THE FINANCIAL CREDIT SERVICES OF CLEARWATER, FLORIDA BETWEEN MAY 9, 2012 AND MAY 15, 2013.

**Summary of the Litigation**

Plaintiff Linda Klewinowski sued MFP, Inc. d/b/a Financial Credit Services located in Clearwater, Florida ("FCS") and alleged that FCS violated the Fair Debt Collection Practices Act ("FDCPA") by sending collection letters to consumers in Florida that were was confusing and misleading, since the letters referenced only "Your Creditors" rather than specifically identify the actual name of the creditor(s).

FCS denies that it has any liability to Klewinowski or the Class, but has agreed to settle this case based on the likely high cost of protracted litigation. The FDCPA provides for actual and statutory damages and payment of costs and reasonable attorneys' fees to a successful plaintiff. The lawsuit seeks only statutory damages. The maximum amount of statutory damages the class could recover in this class action under the FDCPA is $500,000.00 or 1% of Defendant's net worth, whichever is less. Because the Class is large, even if the Court were to award the maximum amount allowed by law, such amount would be a very small amount per class member.

For a complete statement of all the contentions and proceedings in this case, you should consult the file relating to this lawsuit, which is available for your inspection at the office of the Clerk of the United States District Court for the Middle District of Florida, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602.

**Certification of the Class**

1.1 The Class was certified, pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), as a class action. The Court has appointed Plaintiff, Linda Klewinowski as the representative of the Class, and her attorneys, Paul R. Fowkes, Esquire and Ryan C. Hasanbasic, Esquire of Disparti, Fowkes & Hasanbasic, P.A. located at 2203 North Lois Avenue, Suite 830, Tampa, Florida 33607 and Roger D. Mason, Esquire and Zachary A. Harrington, Esquire, of Roger D. Mason, II, P.A. located at 5135 West Cypress Street, Suite 102, Tampa, Florida 33607, as Counsel for the Class.

**Settlement of the Lawsuit**

Under the terms of the proposed settlement, FCS has agreed to provide the following relief to Plaintiff and the Class:

A. FCS agrees to directly pay to the Bay Area Legal Services of Tampa as a *cy pres* distribution on behalf of the Class the total sum of $17,758.20.

    B.      FCS agrees to also pay Klewinowski the total amount of $1,000.00, as compensation for serving as Class Representative.

    C.      FCS has agreed to bear the costs of notice and class administration, and to pay the reasonable attorney's fees, expenses, and court costs, of Class Counsel as approved by the Court.

    D.      Class Counsel has agreed to petition the Court for an award of all claimed attorneys' fees, costs and expenses of no more than $20,000.00.

    E.      FCS has already voluntarily modified the language in its collection notices which was at issue in this lawsuit.

Upon final approval of the settlement, the Court will enter a judgment dismissing the lawsuit with prejudice and releasing FCS of all liability to Klewinowski and the Class for the Released Claims. Class Counsel believes that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Class.

**Opt Out/Objections**

    a.      This is an opt-out class. You have either the right to object to the proposed settlement by filing and serve a written objection or you may opt out of being a member of the Class. Your objection must state your name, address, the case name and number, and the information described below. You or your attorney must sign your objection personally. You must mail your objection or your request to opt out, postmarked on or before _____, to the following address:

    Clerk of the United States District Court
    for the Middle District of Florida
    United States Courthouse
    801 North Florida Avenue
    Tampa, FL 33602

You must also mail a copy of any opt-out or objection, postmarked on or before _____, _____, to Class Counsel and Counsel for FCS at the following addresses:

Paul R. Fowkes, Esquire
Ryan C. Hasanbasic, Esquire
Disparti, Fowkes & Hasanbasic, P.A.
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607
CLASS COUNSEL

and:

ERNEST H. KOHLMYER, III, ESQUIRE
URBAN, THIER, FEDERER & CHINNERY, P.A.
200 SOUTH ORANGE AVENUE, SUITE 2000
ORLANDO, FLORIDA 32801
ATTORNEY FOR FCS

No member of the Class, or any other person, will be heard at the Fairness Hearing in opposition to the Class Settlement, Class Counsel's proposed attorneys' fees and expenses, or the proposed payments to Class Representative unless not later than 5:00 p.m. on _____, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and FCS' Counsel the following: (i) a statement of each objection being made; (ii) a detailed description of the facts underlying each objection; (iii) a detailed description of the legal authorities underlying each objection; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing, together with a summary of each witness' anticipated testimony; and (vi) a list of exhibits which the objector may offer during the Fairness Hearing, together with true copies of all of the exhibits.

Class Members and any other persons who fail to file their notices to opt out and/or objections properly or timely with the Court Clerk, or fail to serve such notices and objections on Class Counsel and FCS' Counsel timely, will not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and FCS' Counsel by certified mail, hand-delivery, or facsimile transmission. No objection shall be heard by the Court which:

(a) does not comply with these requirements; (b) is not timely filed with the Court; or (c) is not timely served on listed counsel.

Until the Fairness Hearing described above, or further order of the Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against FCS or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as FCS' use of said written collection communications or letters.

NOTICE IS HEREBY GIVEN THAT a hearing will be held before the Honorable Virginia M. Hernandez Covington, United States District Judge for the Middle District of Florida, on _____, at _____, at the United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602.  This hearing will be held to determine if the proposed settlement is fair, reasonable, and adequate and should be approved and the lawsuit dismissed with prejudice.  If the proposed settlement is approved, it will be binding and will release FCS from any and all claims that were asserted or could have been asserted by any of the Class Members.

Questions concerning this class action litigation should be directed to Class Counsel at the addresses above.

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK.**

ENTER:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　HON. VIRGINIA M. HERNANDEZ COVINGTON
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

DATED: _____