# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA KLEWINOWSKI, an
individual, on behalf of herself
and all others similarly situated,

    Plaintiffs,

vs.                                Case No. 8:13-CV-1204-T-33-TBM

MFP, INC. d/b/a FINANCIAL CREDIT
SERVICES

    Defendant.
_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT AGREEMENT

This cause comes before the court on the joint motion of Plaintiff and Defendant for preliminary approval of a Class Action Settlement Agreement. Pursuant to Federal Rule of Civil Procedure 23(e), the Parties have submitted a proposed Settlement Agreement to the court for preliminary approval, and the proposed Settlement Agreement has been filed in the papers in this cause. The Parties have requested approval of; (1) the terms of the proposed Settlement Agreement; and (2) the form and method of publication of the notice to the Class.

After consideration of the evidence, the papers filed in the above-referenced cause, and the argument of counsel, this Court has made a preliminary determination that the proposed settlement of the claims of the Class against Defendant appears to be fair, adequate, and reasonable, and therefore, within the range of approval.

The Court finds that in light of the size of the Class and the limitations on Defendant's potential liability set forth in 15 U.S.C. Section 1692k, even the maximum statutory penalty would generate no more than a *de minimus* recovery to each individual Class Member.

The Court further finds that notice by publication is an appropriate method of providing notice to the Class of the terms of the settlement and their right to object and that the proposed form of the notice is adequate and will give all Class Members sufficient information to enable

them to make intelligent decisions as to whether to remain Class Members, object to the proposed settlement and its terms, or opt out of the class settlement.

**IT IS THEREFORE, ORDERED THAT:**

1. Pursuant to Federal Rule of Civil Procedure 23(e), the Class has been certified on September 12, 2013 and is defined as

**ALL RESIDENTS OF FLORIDA WHO RECEIVED A COLLECTION LETTER BEARING THE WORDS "YOUR CREDITORS" FROM THE FINANCIAL CREDIT SERVICES OF CLEARWATER, FLORIDA BETWEEN MAY 9, 2012 AND MAY 15, 2013.**

2. The Court will hold a Fairness Hearing, pursuant to Rule 23, at the time and place indicated below for purposes of determining: (1) whether the proposed settlement is fair, reasonable and adequate, and should, therefore, be finally approved, (2) the amount of the attorney's fees and expenses that should be awarded to Class Counsel; and (3) the award to the Class Representative.

3. The Fairness Hearing shall be held on _____, 2014 at _____ a.m. at:

> United States District Court
> Middle District of Florida, Tampa Division
> Honorable Virginia M. Hernandez Covington
> United States Courthouse
> 801 North Florida Avenue
> Tampa, FL 33602

4. Plaintiff has been appointed as the Class Representative for the Class, and the following attorneys have been appointed as Class Counsel:

Paul R. Fowkes, Esquire
Ryan C. Hasanbasic, Esquire
Disparti, Fowkes & Hasanbasic, P.A
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607

and

    Roger D. Mason, Esquire
    Zachary A. Harrington, Esquire
    Roger D. Mason, II, P.A.
    5135 West Cypress Street, Suite 102
    Tampa, Florida 33607.

5.    Class Notice, in the form attached as Exhibit 1, shall be given by the Defendant or its designated claims administrator to the settlement class by causing the notice to be published in a newspaper with state-wide distribution in the State of Florida, specifically, the two (2) regional Florida USA Today newspapers. Such publication shall take place no later than 30 days from the entry of this Order.

6.    No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class settlement, Class Counsels' proposed attorney's fees and expenses, or the proposed Class Representative's award unless not later than 5:00 p.m. on _____, 2014, which is 30 days prior to the Fairness Hearing, such Class Member or other person files with the Clerk of the Court and serves upon counsel listed below an objection containing, at a minimum, the following information: (i) a statement of each objection being made, including the facts underlying each objection and any legal authorities underlying such objection; (ii) a statement of whether the objector intends to appear at the Fairness Hearing; (iii) a list of witnesses whom the objector may call by live testimony, oral testimony, or affidavit during the Fairness Hearing: and (iv) a list of exhibits which the objector may offer bring the Fairness Hearing, along with copies of all exhibits.

7.    Class Members, or any other persons objecting to the proposed settlement, shall file any such objections and notices with the Clerk of Court and serve their notice of objections upon Class Counsel and Counsel, for the Defendant no later than _____, 2014, at the following addresses:

    Clerk of the United States District Court
    for the Middle District of Florida
    United States Courthouse
    801 North Florida Avenue

Tampa, FL 33602

Paul R. Fowkes, Esquire
Ryan C. Hasanbasic, Esquire
Disparti, Fowkes & Hasanbasic, P.A
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607
CLASS COUNSEL

and:

Ernest H. Kohlmyer, III, Esquire
Urban, Thier, Federer & Chinnery, P.A.
200 South Orange Avenue, Suite 2000
Orlando, Florida 32801
COUNSEL FOR THE DEFENDANT

8.  Class Members, or any other persons, who fail to properly or timely file their notices and objections with the Court, or fail to timely serve such notices or objections on Class Counsel and Counsel for the Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Counsel for the Defendant by United States Mail, hand-delivery, or facsimile transmission. No objection shall be heard by the Court that does not comply with these requirements, is not timely filed with the Court, or is not timely served on listed counsel.

9.  Class Members who wish to exclude themselves from the Class, or "opt out," shall send a written opt out notice to the Clerk of Court and serve the written opt out notice upon Class Counsel and Counsel at the addresses listed above. To be effective, the written opt out notice must be signed by the person requesting exclusion from the Class and must include that person's full name, address, and telephone number, along with a statement that the person wishes to be excluded from the Class. Any Class Member who submits a valid and timely written opt out notice will be excluded from the proposed Settlement, will not be bound by the terms of the Settlement Agreement or any final judgment in this matter, and will not be precluded from filing or prosecuting any individual claim that person might have against Defendant.

10. Until the Fairness Hearing described above, or further order of this court, all Class Members are hereby preliminary enjoined and ordered not to file, institute or prosecute any

lawsuit or claim against the Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions, occurrences as are alleged in this case, such as Defendant's use of the above described collection letters.

11.   This order shall not be construed or deemed to be a finding of this court or evidence of a presumption, implication, concession, or admission by the Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of any measure of alleged loss or damages. If the Settlement Agreement is terminated pursuant to its terms or if the Settlement Agreement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in this connection therewith shall be without prejudice and to the *status quo ante* rights of the parties to this action.

Signed this ____ day of _____, 2013.

UNITED STATES DISTRICT JUDGE

_____
HONORABLE VIRGINIA M. HERNANDEZ
COVINGTON