UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA KLEWINOWSKI, individually and on
behalf of those similarly situated,

                Plaintiff,

v.                                      Case No.  8:13-cv-1204-T-33TBM

MFP, INC. d/b/a Financial Credit Services,

                Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to the parties' Renewed Joint Motion for Preliminary Approval of Class Action Settlement Agreement (Doc. # 27), which was filed on November 26, 2013. For the reasons that follow, the Court grants the Motion.

**I.**    **Background**

On May 7, 2013, Plaintiff filed her Class Action Complaint (Doc. # 1), alleging that Defendant violated the terms of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Plaintiff explains that on February 22, 2013, Defendant sent her a debt collection letter stating, "Your past due account with YOUR CREDITORS, in the amount of $2,245.52, was referred to Financial Credit Services some time ago to arrange for payment." (Doc. # 1 at ¶¶ 10-12).

Plaintiff alleges that the content of the letter violated the FDCPA because "nowhere in the Debt Collection Letter did Defendant identify specific 'YOUR CREDITORS' Plaintiff owed money to, how many creditors Defendant was collecting for, how much money

Plaintiff allegedly owed to each creditor, or the subject matter of the alleged debt(s) that Defendant was collecting." (Id. at ¶ 13). Plaintiff characterizes the letter as "patently confusing and misleading on its face." (Id. at ¶ 14).

Plaintiff further alleges that it is Defendant's practice and policy to send confusing and misleading letters to consumers that reference "YOUR CREDITORS" without identifying the specific names of the creditors. (Id. at ¶ 18). Plaintiff indicates: "As a result of Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff and the FDCPA Class are entitled to statutory damages in an amount up to $1,000.00 each, plus reasonable attorneys' fees and costs." (Doc. # 1 at ¶ 35).

On September 5, 2013, Plaintiffs filed an Unopposed Motion for Class Certification. (Doc. # 20). On September 12, 2013, the Court entered an Order pursuant to Rule 23 of the Federal Rules of Civil Procedure certifying this case as a class action. (Doc. # 25). The Class is defined as follows: "All Residents of Florida who received a collection letter bearing the words 'YOUR CREDITORS' from the Financial Credit Services of Clearwater, Florida between May 9, 2012 and May 15, 2013." (Doc. # 27-3 at 2).

At this juncture, the parties seek an Order granting preliminary approval of the class action settlement. The parties also seek an order approving the proposed Class Notice and the proposed publication method of the Class Notice.

**II.   Discussion**

The parties have reached a settlement in which Defendant will pay Linda Klewinowski, the named Plaintiff, $1,000.00 and will pay Bay Area Legal Services a "cy

-2-

pres" distribution of $17,758.20.[1] Defendant also agrees to pay Class Counsel their reasonable attorneys' fees, expenses, and costs, subject to Court approval, in an amount not to exceed $20,000.00. In addition to the monetary relief, Defendant submits that it has "agreed to voluntarily modify the language in the subject letters . . . to address the issue raised by this case." (Doc. # 27 at 4).

The Court determines that it is appropriate to preliminarily approve the settlement in that the settlement appears to be fair, adequate, and reasonable. The Court further finds that in light of the size of the Class and the limitations on Defendant's potential liability set forth in 15 U.S.C. Section 1692k, even the maximum statutory penalty would generate no more than a de minimus recovery to each individual Class Member.

The Court further finds that notice by publication is an appropriate method of providing notice to the Class of the terms of the settlement and their right to object, and that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make intelligent decisions as to whether to remain Class Members, object to the proposed settlement and its terms, or opt out of the class settlement.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED:**

1.  Pursuant to Federal Rule of Civil Procedure 23(e), the Class has been certified on September 12, 2013, and is defined as:

---

[1] 15 U.S.C. § 1692k(a)(2)(B) limits a debt collector's liability in class actions to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." According to the Affidavit of Defendant's Executive Director Deborah Kelly, the sum of $17,758.20 is equal to 1 per centum of Defendant's net worth as of December 31, 2012. (Doc. # 27-5).

> **All residents of the State of Florida who received debt collection notices and/or letters from FCS containing the words "YOUR CREDITORS" relating to a consumer medical debt between May 9, 2012 and May 15, 2013.**

2. The Court will hold a Fairness Hearing, pursuant to Rule 23, at the time and place indicated below for purposes of determining: (1) whether the proposed settlement is fair, reasonable and adequate, and should, therefore, be finally approved, (2) the amount of the attorneys' fees and expenses that should be awarded to Class Counsel; and (3) the award to the Class Representative.

3. The Fairness Hearing shall be held on **April 10, 2014, at 2:00 p.m.** at:

> United States District Court
> Middle District of Florida, Tampa Division
> Honorable Virginia M. Hernandez Covington
> United States Courthouse
> 801 North Florida Avenue
> Tampa, Florida 33602

4. Plaintiff Linda Klewinowski has been appointed as the Class Representative for the Class, and the following attorneys have been appointed as Class Counsel:

> Paul R. Fowkes, Esquire
> Ryan C. Hasanbasic, Esquire
> Disparti, Fowkes & Hasanbasic, P.A.
> 2203 North Lois Avenue, Suite 830
> Tampa, Florida 33607
>
> and
>
> Roger D. Mason, Esquire
> Zachary A. Harrington, Esquire
> Roger D. Mason, II, P.A.
> 5135 West Cypress Street, Suite 102
> Tampa, Florida 33607

5. Class Notice, in the form filed as (Doc. # 27-3) and as discussed herein, shall be given by the Defendant or its designated claims administrator to the settlement class by causing the notice to be published in a newspaper with state-wide distribution in the State of Florida, specifically, the two (2) regional Florida USA Today newspapers. Such publication shall take place no later than 30 days from the entry of this Order.

6. No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class settlement, Class Counsels' proposed attorneys' fees and expenses, or the proposed Class Representative's award unless, by **March 10, 2014**, which is 30 days prior to the Fairness Hearing, such Class Member or other person files with the Clerk of the Court and serves upon counsel listed below an objection containing, at a minimum, the following information: (i) a statement of each objection being made, including the facts underlying each objection and any legal authorities underlying such objection; (ii) a statement of whether the objector intends to appear at the Fairness Hearing; (iii) a list of witnesses whom the objector may call by live testimony, oral testimony, or affidavit during the Fairness Hearing: and (iv) a list of exhibits which the objector may offer at the Fairness Hearing, along with copies of all exhibits.

7. Class Members, or any other persons objecting to the proposed settlement, shall file any such objections and notices with the Clerk of Court and serve their notice of objections upon Class Counsel and Counsel for the Defendant by **March 10, 2014**, at the following addresses:

>    Clerk of the United States District Court
>    for the Middle District of Florida
>    United States Courthouse
>    801 North Florida Avenue
>    Tampa, Florida 33602;
>
>    Paul R. Fowkes, Esquire
>    Ryan C. Hasanbasic, Esquire
>    Disparti, Fowkes & Hasanbasic, P.A.
>    2203 North Lois Avenue, Suite 830
>    Tampa, Florida 33607
>    Class Counsel;
>
>    and:
>
>    Ernest H. Kohlmyer, III, Esquire
>    Urban, Thier, Federer & Chinnery, P.A.
>    200 South Orange Avenue, Suite 2000
>    Orlando, Florida 32801
>    Counsel for Defendant

8. Class Members, or any other persons, who fail to properly or timely file their notices and objections with the Court, or fail to timely serve such notices or objections on Class Counsel and Counsel for the Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Counsel for the Defendant by United States Mail, hand-delivery, or facsimile transmission. No objection shall be heard by the Court that does not comply with these requirements, is not timely filed with the Court, or is not timely served on listed counsel.

9. Class Members who wish to exclude themselves from the Class, or "opt out," shall send a written opt out notice to the Clerk of Court and serve the written opt out notice upon

Class Counsel and Counsel for Defendant at the addresses listed above by **March 10, 2014**. To be effective, the written opt out notice must be signed by the person requesting exclusion from the Class and must include that person's full name, address, and telephone number, along with a statement that the person wishes to be excluded from the Class. Any Class Member who submits a valid and timely written opt out notice will be excluded from the proposed Settlement, will not be bound by the terms of the Settlement Agreement or any final judgment in this matter, and will not be precluded from filing or prosecuting any individual claim that person might have against Defendant.

10. Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminary enjoined and ordered not to file, institute or prosecute any lawsuit or claim against the Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions, occurrences as are alleged in this case, such as Defendant's use of the above described collection letters.

11. This order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by the Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of any measure of alleged loss or damages. If the Settlement Agreement is terminated pursuant to its terms or if the Settlement Agreement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in this connection therewith shall be without prejudice and to the *status quo ante* rights of the parties to this action.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of December, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record