```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

LINDA KLEWINOWSKI, individually
and on behalf of those similarly
situated,

       Plaintiff,
v.                         Case No. 8:13-cv-1204-T-33TBM

MFP, INC.,

       Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to the parties' Joint Motion for Final Approval of Class Action Settlement Agreement and Approval of Stipulated Award of Attorneys' Fees and Costs (Doc. # 33), which was filed on March 26, 2014. This Court conducted a Rule 23, Fed. R. Civ. P., Final Fairness Hearing on April 10, 2014, and for the reasons stated herein and at the hearing, the Court grants the Motion.

## I. Background

### A. Complaint Allegations

On May 7, 2013, Plaintiff Linda Klewinowski filed her Class Action Complaint (Doc. # 1), alleging that Defendant MFP, Inc. violated the terms of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Plaintiff alleges that on February 22, 2013, Defendant sent her a debt

collection letter stating, "Your past due account with YOUR CREDITORS, in the amount of $2,245.52, was referred to Financial Credit Services some time ago to arrange for payment." (Id. at ¶¶ 10-12).

Plaintiff alleges that the content of the letter violated the FDCPA because "nowhere in the Debt Collection Letter did Defendant identify specific 'YOUR CREDITORS' Plaintiff owed money to, how many creditors Defendant was collecting for, how much money Plaintiff allegedly owed to each creditor, or the subject matter of the alleged debt(s) that Defendant was collecting." (Id. at ¶ 13). Plaintiff characterizes the letter as "patently confusing and misleading on its face." (Id. at ¶ 14).

Plaintiff further alleges that it is Defendant's practice and policy to send confusing and misleading letters to consumers that reference "YOUR CREDITORS" without identifying the specific names of the creditors. (Id. at ¶ 18). Plaintiff indicates: "As a result of Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff and the FDCPA Class are entitled to statutory damages in an amount up to $1,000.00 each, plus reasonable attorneys' fees and costs." (Id. at ¶ 35).

### B. Class Certification

On September 5, 2013, Plaintiff filed an Unopposed Motion for Class Certification. (Doc. # 20). On September 12, 2013, the Court entered an Order pursuant to Rule 23, Fed. R. Civ. P., certifying this case as a class action. (Doc. # 25). Among other things, the Court determined that the Class satisfied the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority.

### C. Class Settlement

The parties have settled this action. Defendant has agreed to pay Klewinowski, the named Plaintiff and Class Representative, $1,000.00 and will also pay Bay Area Legal Services a "cy pres" distribution of $17,758.20.[1] The parties have agreed that Class Counsel, Paul R. Fowkes, Esq. and Roger D. Mason, Esq., shall receive $16,000 in fees and costs. In addition, as a part of the settlement, Defendant agreed to voluntarily modify the language in the subject letters to address the issue raised by this case.

---

[1] 15 U.S.C. § 1692k(a)(2)(B) limits a debt collector's liability in class actions to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." According to the Affidavit of Defendant's Executive Director Deborah Kelly, the sum of $17,758.20 is equal to 1 per centum of Defendant's net worth as of December 31, 2012. (Doc. # 27-5).

On December 5, 2013, the Court granted the parties' request for preliminary approval of their settlement and scheduled the fairness hearing for April 10, 2014. (Doc. # 28). As agreed by the parties, the Settlement Class is comprised of all residents of Florida who received a collection letter bearing the words "YOUR CREDITORS" from The Financial Credit Services of Clearwater, Florida between May 9, 2012, and May 15, 2013.

In preliminarily approving the settlement, the Court established March 10, 2014, as the deadline for any member of the Class to opt out of the settlement. None of the Class Members filed opt out notices. In addition, the Court established the deadline of March 10, 2014, to file an objection to the settlement, and no objectors filed an objection.

## II. **Final Fairness Hearing**

A district court's adoption of a class action settlement is governed by Federal Rule of Civil Procedure 23(e). That rule requires that the settlement be "fair, reasonable and adequate." During the Final Fairness Hearing, the Court considered the factors enumerated by the Eleventh Circuit in Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984)

and required counsel to address the following questions as framed by the <u>Bennett</u> court:

(1)   What is the likelihood of success at trial?

(2)   What is the range of possible recovery?

(3)   What is the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable?

(4)   What is the level of complexity, expense, and duration of the litigation?

(5)   Is there any opposition to the settlement?  and

(6)   At what stage of the proceedings was the settlement reached?

In addition to the aforementioned questions, the Court required counsel to address selected questions listed in the <u>Manual for Complex Litigation</u>. Counsel provided thorough and complete answers to each of the Court's above-described inquiries. Counsels' responses provide the Court with a firm basis for approving the settlement as fair, reasonable, and adequate.

### III. <u>Attorneys' Fees and Costs</u>

The parties have agreed that Class Counsel will receive $16,000 representing fees and costs incurred in this case. On April 1, 2014, the Court directed Class Counsel to file

documentation in support of the requested fees and costs. (Doc. # 34). The Court notes that when it preliminarily approved the settlement, it approved the parties' agreement to cap fees at $20,000, but indicated that the final fee award was subject to the Court's approval. (Doc. # 28 at 3). At this juncture, counsel has provided information documenting the requested fees and costs (Doc. # 36), which this Court has reviewed and now approves.

## IV. Conclusion

"Compromises of disputed claims are favored by the courts." Williams v. First Nat'l Bank, 216 U.S. 582, 595 (1910). It is "the policy of the law generally to encourage such settlements," Fla. Trailer and Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960), and accordingly, "class-action settlements will be disapproved only upon considerable circumspection." Mashburn v. Nat'l Healthcare, Inc., 684 F. Supp. 660, 667 (M.D. Ala. 1988).

After due consideration, the Court finds that the settlement agreement, including attorneys' fees and costs, should be adopted as fair, reasonable, and adequate under Rule 23(e), Fed. R. Civ. P. The Court dismisses this action with prejudice in accordance with the parties' agreement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion for Final Approval of Class Action Settlement Agreement and Approval of Stipulated Award of Attorneys' Fees and Costs (Doc. # 33) is **GRANTED.**

(2) The Court approves the Class Action Settlement, including attorneys' fees and costs, as fair, reasonable, and adequate.

(3) This case is dismissed with prejudice. The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of April, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record